UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

**03cv12391WGY**

| | |
|---|---|
| HINGHAM MUTUAL FIRE INSURANCE COMPANY, a/s/o MICHAEL GOULD,<br>　　　Plaintiff<br><br>v.<br><br>DOUGLAS CUMMINS and EDWARD SILVEIRA,<br>　　　Defendants | Civil Action No. _____ |

MAGISTRATE JUDGE _____

### COMPLAINT AND JURY DEMAND

#### Parties

1. The plaintiff, Hingham Mutual Fire Insurance Company ("Hingham Mutual"), is a corporation existing under the laws of the Commonwealth of Massachusetts with a principle place of business at 230 Beal Street, Hingham, Plymouth County, Massachusetts.

2. Michael Gould ("Gould"), is an individual residing at 14 Pine Grove Circle, Mashpee, Barnstable County, Massachusetts.

3. Defendant Douglas Cummins ("Cummins") is an individual residing at 375 Forsyth Road, Salem, Connecticut.

4. Defendant Edward Silveira ("Silveira") is an individual residing at 251 Island Drive, Middletown, Rhode Island.

1

## Jurisdiction

5. Hingham Mutual paid $290,000 to settle the civil action entitled Melissa Macomber v. Michael Gould, Barnstable (Massachusetts) Superior Court, Civil Action No. BACV2001-00623 (the "underlying case"), and now seeks $96,666.66 in contribution from both Cummins and Silveira as joint tortfeasors - for a total of $193,333.32.

6. Hingham Mutual is a citizen of Massachusetts.

7. Michael Gould is a citizen of Massachusetts.

8. Douglas Cummins is a citizen of Connecticut.

9. Edward Silveira is a citizen of Rhode Island.

10. Subject matter jurisdiction is thus vested in this Court under 28 U.S.C. § 1332.

11. Venue is properly laid in this district under 28 U.S.C. § 1391.

## Facts

12. Hingham Mutual was Gould's liability insurer on August 4, 2001, when the incidents that gave rise to the underlying case occurred.

13. The plaintiff in the underlying case, Melissa Macomber ("Macomber"), sustained personal injuries during Gould's wedding reception, which he hosted at his home in 14 Pine Grove Circle, Mashpee, Massachusetts.

14. Gould had given Silveira permission to take Gould's 17-foot recreational motorboat out on the

freshwater pond behind his house during the reception.

15. Silveira and Cummins were in the boat at all times while it was out on the pond during the reception.

16. Gould was never in the boat during the reception.

17. In the back of the boat was a towing system that consisted of a center bar and two diagonal bracing bars.

18. In the course of using the boat and through other acts and omission unrelated to their use of the boat, Cummins and Silveira acted negligently on August 4, 2001.

19. As a direct and proximate result of the negligence of Cummins and Silveira, Macomber sustained personal injuries and damages when the center bar of the towing system came out of position and struck her in jaw.

20. In the underlying case, Macomber alleged that Gould negligently installed the towing system but made no claims against Cummins and Silveira.

21. On December 5, 2002, a Barnstable County jury returned a verdict for Macomber in the amount of $300,000 plus interest.

22. Gould appealed from the final judgment, and after the parties filed their briefs in the Appeals Court, Hingham Mutual paid $290,000 to settle the underlying case.

23. Having paid the settlement in the underlying case, Hingham Mutual now stands subrogated to Gould's rights and causes of actions under the terms and conditions of the subject insurance policy.

Count I - Contribution (as against Douglas Cummins)

24. Gould repeats the allegations contained in paragraphs 1-23 and incorporates them as if fully set forth herein.

25. Cummins' negligence makes him a joint tortfeasor with Gould and Silveira.

26. The $290,000 Hingham Mutual paid to settle the underlying case was a reasonable amount.

WHEREFORE, Hingham Mutual prays that this Court enter judgement:

a. Awarding it damages under Count I against Cummins in the amount of $96,666.66, which represents Cummins's pro rata, one-third (1/3) share of the $290,000 settlement in the underlying case, plus interest, costs and attorney's fees.

b. Grant such other relief as the Court might find just or equitable.

Count II - Contribution (as against Edward Silveira)

27. Gould repeats the allegations contained in paragraphs 1-26 and incorporates them as if fully set

forth herein.

28. Silveira's negligence makes him a joint tortfeasor with Gould and Cummins.

29. The $290,000 Hingham Mutual paid to settle the underlying case was a reasonable amount.

WHEREFORE, Hingham Mutual prays that this Court enter judgement:

a. Awarding it damages under Count II against Silveira in the amount of $96,666.66, which represents Silveira's pro rata, one-third (1/3) share of the $290,000 settlement in the underlying case, plus interest, costs and attorney's fees.

b. Grant such other relief as the Court might find just or equitable.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY
AS TO ALL ISSUES SO TRIABLE**

Dated: November 26, 2003

The Plaintiff,
HINGHAM MUTUAL FIRE INSURANCE COMPANY,
a/s/o MICHAEL GOULD,
By its attorney,

W. Paul Needham
BBO#368260
W. Paul Needham, P.C.
10 Liberty Square
Boston, MA 02109
(617) 482-0500