UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

HINGHAM MUTAL FIRE
INSURANCE COMPANY, a/s/o
MICHAEL GOULD,
      Plaintiff

03-12391

v.

DOUGLAS CUMMINS and
EDWARD SILVEIRA,
      Defendants

## ANSWER OF DEFENDANT, EDWARD SILVEIRA

Defendant, Edward Silveira, (hereinafter "this Defendant") hereby answers the Complaint of Plaintiff, Hingham Mutual Fire Insurance Company, a/s/o Michael Gould, as follows:

### Parties

1. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore, leaves Plaintiff to its proof.

2. Admitted.

3. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore, leaves Plaintiff to its proof.

4. Denied.

### Jurisdiction

5. This Defendant denies that he is a joint tortfeasor, as he understands that term is used in paragraph five of the Complaint. This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 5 of the Complaint and therefore, leaves Plaintiff to its proof.

6. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore, leaves Plaintiff to its proof.

7. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore, leaves Plaintiff to its proof.

8. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore, leaves Plaintiff to its proof.

9. Admitted.

10. Paragraph 10 of the Complaint contains a conclusion of law to which no response is required under the applicable Rules of Civil Procedure. Nevertheless, this Defendant is without sufficient knowledge or information to admit or deny the factual allegations underlying a determination of subject matter jurisdiction in this case and therefore, leaves Plaintiff to its proof.

11. Paragraph 10 of the Complaint contains a conclusion of law to which no response is required under the applicable Rules of Civil Procedure. Nevertheless, this Defendant is without sufficient knowledge or information to admit or deny the factual allegations underlying a determination of venue in this case and therefore, leaves Plaintiff to its proof.

### Facts

12. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore, leaves Plaintiff to its proof.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Admitted.

18. Denied.

19. Denied.

20. This Defendant admits that Melissa Macomber asserted no claims against him in the "underlying case." This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 20 of the Complaint and therefore, leaves Plaintiff to its proof.

21. Admitted.

22. This Defendant admits that Michael Gould appealed the verdict rendered against him in the "underlying case." This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 22 of the Complaint and therefore, leaves Plaintiff to its proof.

23. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of the Complaint and therefore, leaves Plaintiff to its proof.

### Count I-Contribution (as against Douglas Cummins)

24. This Defendant repeats and incorporates by reference his responses to paragraphs 1-23 of the Complaint.

    25-26   Count I of the Complaint is not directed to and does not mention this Defendant and therefore, requires no response by this Defendant. To the extent that any of the allegations or claims contained in Count I are interpreted to allege any wrongdoing on behalf of this Defendant or any facts the Plaintiff seeks to establish against this Defendant, such allegations and claims are denied.

### Count II- Contribution (as against Edward Silveira)

    27.    This Defendant repeats and incorporates by reference his responses to paragraphs 1-26 of the Complaint.

    28.    Denied.

    29.    This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 of the Complaint and therefore, leaves Plaintiff to its proof.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

    The Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

### SECOND AFFIRMATIVE DEFENSE

    The Plaintiff's claims for contribution are barred pursuant to Mass. Gen. Laws ch. 231 B § 1.

### THIRD AFFIRMATIVE DEFENSE

    The Plaintiff's claims for contribution are barred or reduced by the comparative negligence of Melissa Macomber and/or Michael Gould. This Defendant claims all defenses related to that negligence and/or lack of due care.

### FOURTH AFFIRMATIVE DEFENSE

    The injuries and damages claimed by Melissa Macomber and the Plaintiff were caused, if at all, by the actions and conducts of others for whom this Defendant has no responsibility and/or liability.

### FIFTH AFFIRMATIVE DEFENSE

    While this Defendant expressly denies allegations or claims that his conduct was negligent, he alternatively states that any such alleged negligence was not the proximate cause of the alleged injuries or damages of Melissa Macomber or the Plaintiff. Instead, such injuries or damages were the result of an intervening or superceding cause.

    WHEREFORE, Defendant, Edward Silveira, prays for the entry of judgment in his favor on all claims, awarding him his attorneys fees and costs in defending this action and such further relief this Court may deem just and proper.

    This Defendant demands a trial by jury on all claims so triable and designates Dennis T. Grieco II as his trial counsel.

Defendant,
Edward Silveira,
By his attorneys

/s/ Dennis T. Grieco II
Dennis T. Grieco II
BBO#: 545304
GIDLEY, SARLI, & Marusak, LLP
One Turks Head Place, Ste. 900
Providence, RI 02903
Tel: (401) 274-6644
Fax: (401) 3319304

4

**CERTIFICATION**

W. Paul Needham, Esq.
W. Paul Needham. P.C.
10 Liberty Square
Boston, MA 02109

    I hereby certify that on the _30_ day of _December_, 2003, I mailed and/or hand delivered a true copy of the within to counsel of record, as above.

_____