UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

HINGHAM MUTUAL FIRE )
INSURANCE COMPANY, )
a/s/o MICHAEL GOULD, )
    Plaintiff )
)
)    CIVIL ACTION NO.:
v. )    03-12391-WGY
)
DOUGLASS CUMMINS and )
EDWARD SILVEIRA, )
    Defendants )
_____)

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR LEAVE TO AMEND COMPLAINT

The plaintiff, Hingham Mutual Fire Insurance Company, a/s/o Michael Gould, hereby submits this Memorandum in Support of its Motion to for Leave to Amend Complaint. The Motion should be allowed for the following reasons:

**Background.**

The plaintiff's contribution claims arise out of an August 4, 2001 accident in which Melissa Macomber ("Macomber") sustained personal injuries. The accident occurred in a motorboat owned by the plaintiff's insured/subrogor, Michael Gould ("Gould"), during Gould's wedding reception.

In September 2001, Macomber sued Gould in Barnstable County (Massachusetts) Superior Court, Civil Action No. BACV2001-00623 (hereinafter the "underlying case"). A jury awarded Macomber $300,000 plus interest in December 2002, and Gould appealed. After the parties had filed their briefs in the

Massachusetts Appeals Court, Hingham Mutual paid $290,000 to settle the underlying case.

In the instant case, the plaintiff alleges that the defendants' negligence caused Macomber's injuries and that, as joint tortfeasors, the defendants are obligated to pay Hingham Mutual their pro rata, one-third shares of the $290,000 settlement ($96,666.66 each).

Defendant Cummins has indicated that he intends to argue that he was an insured under Gould's Hingham Mutual Homeowners insurance policy at the time of the accident and that Hingham Mutual is therefore solely responsible for defending and indemnifying him, notwithstanding the fact that Cummins had his own liability insurance with Travelers Insurance. Defendant Silveira maintains that he did not own liability insurance at the time of the accident but that he too was insured under Gould's Hingham Mutual policy. It is Hingham Mutual's position that neither Cummins nor Silveira were its insureds.

At the February 2, 2004 Scheduling Conference, the attorneys for both defendants argued that parties' disagreements about insurance coverage need to be resolved before plaintiff's claims are considered on the merits.

**Argument.**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." The United States Supreme Court has described that applicable standard as follows:

If the underlying facts or circumstances relied upon by a plaintiff may

be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Forman v. Davis*, 371 U.S. 178, 182 (1962).

None of the reasons for denying a motion for leave to amend exists in this case. The defendants would not be prejudiced by allowance of the amendment, because the parties appear to agree that their disagreements about insurance coverage need to be resolved, and a declaratory judgment action would be most efficient way to doing so. Nor would the allowance of the amendment cause any undue delay. The plaintiff filed its original Complaint in November 2003, and the first Scheduling Conference was just held on February 2, 2004, and a declaratory judgment would expedite the resolution of this case by narrowing the issues and clarifying the rights and responsibilities of the parties.

Dated: February 6, 2004

The Plaintiff,
By its attorney,

W. Paul Needham
BBO#268360
W. Paul Needham, P.C.
10 Liberty Square
Boston, MA 02109
(617) 482-0500

## CERTIFICATE OF SERVICE

    I hereby certify that I served the foregoing Memorandum in Support of Motion for Leave to Amend Complaint on the defendants by mailing a copy hereof, postage prepaid, to the following on February 6, 2004:

Dennis T. Grieco, II, Esq.  
Gidley, Sarli & Marusak  
One Turks Head Place, Suite 900  
Providence, RI 02903

D. Michael Arter, Esq.  
Law Office of Brian M. Cullen  
100 Summer Street, Suite 201  
Boston, MA 02109

_____  
W. Paul Needham