UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HINGHAM MUTUAL FIRE ) <br> INSURANCE COMPANY, a/s/o ) <br> MICHAEL GOULD, ) <br> Plaintiff ) <br> v. ) <br> DOUGLAS CUMMINS and ) <br> EDWARD SILVEIRA, ) <br> Defendants ) <br> ) | Civil Action No.: <br> 03-CV-12391-WGY |

### FIRST AMENDED COMPLAINT FOR CONTRIBUTION AND DECLARATORY RELIEF AND JURY DEMAND

1. The plaintiff, Hingham Mutual Fire Insurance Company ("Hingham Mutual"), is a corporation existing under the laws of the Commonwealth of Massachusetts, with a principle place of business at 230 Beal Street, Hingham, Plymouth County, Massachusetts.

2. Michael Gould ("Gould") is an individual residing at 14 Pine Grove Circle, Mashpee, Barnstable County, Massachusetts.

3. Defendant Douglas Cummins ("Cummins") is an individual residing at 375 Forsyth Road, Salem, Connecticut.

4. Defendant Edward Silveira ("Silveira") is an individual residing at 251 Island Drive, Middletown, Rhode Island.

### Jurisdiction

5. Hingham Mutual paid $290,000 to settle the civil action entitled Melissa Macomber v. Michael Gould, Barnstable (Massachusetts) Superior Court,

Civil Action No. BACV2001-00623 (the "underlying case"), and now seeks $96,666.66 in contribution from both Cummins and Silveira as joint tortfeasors – for a total of $193,333.32.

6. Hingham Mutual is a citizen of Massachusetts.

7. Michael Gould is a citizen of Massachusetts.

8. Douglas Cummins is a citizen of Connecticut.

9. Edward Silveira is a citizen of Rhode Island.

10. Subject matter jurisdiction is thus vested in this Court under 28 U.S.C. § 1332.

11. Venue is properly laid in this district under 28 U.S.C. § 1391(a).

12. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

## Facts

13. Hingham Mutual was Gould's liability insurer on August 4, 2001, when the incidents that gave rise to the underlying case occurred.

14. The plaintiff in the underlying case, Melissa Macomber ("Macomber"), sustained personal injuries during Gould's wedding reception, which he hosted at his home in 14 Pine Grove Circle, Mashpee, Massachusetts.

15. Gould had given Silveira permission to take Gould's 17-foot recreational motorboat out on the freshwater pond behind his house during the reception.

16. Silveira and Cummins were in the boat at all times while it was out

on the pond during the reception.

17. Gould was never in the boat during the reception.

18. In the back of the boat was a towing system that consisted of a center bar and two diagonal bracing bars.

19. In the course of using the boat and through other acts and omissions unrelated to their use of the boat, Cummins and Silveira acted negligently on August 4, 2001.

20. As a direct and proximate result of the negligence of Cummins and Silveira, Macomber sustained personal injuries and damages when the center bar of the towing system came out of position and struck her in the jaw.

21. In the underlying case, Macomber alleged that Gould negligently installed the towing system, but made no claims against Cummins and Silveira.

22. On December 5, 2002, a Barnstable County jury returned a verdict for Macomber in the amount of $300,000 plus interest.

23. Gould appealed from the final judgment and, after the parties filed their briefs in the Appeals Court, Hingham Mutual paid $290,000 to settle the underlying case.

24. Having paid the settlement in the underlying case, Hingham Mutual now stands subrogated to Gould's rights and causes of actions under the terms and conditions of the subject insurance policy.

on the pond during the reception.

17. Gould was never in the boat during the reception.

18. In the back of the boat was a towing system that consisted of a center bar and two diagonal bracing bars.

19. In the course of using the boat and through other acts and omissions unrelated to their use of the boat, Cummins and Silveira acted negligently on August 4, 2001.

20. As a direct and proximate result of the negligence of Cummins and Silveira, Macomber sustained personal injuries and damages when the center bar of the towing system came out of position and struck her in the jaw.

21. In the underlying case, Macomber alleged that Gould negligently installed the towing system, but made no claims against Cummins and Silveira.

22. On December 5, 2002, a Barnstable County jury returned a verdict for Macomber in the amount of $300,000 plus interest.

23. Gould appealed from the final judgment and, after the parties filed their briefs in the Appeals Court, Hingham Mutual paid $290,000 to settle the underlying case.

24. Having paid the settlement in the underlying case, Hingham Mutual now stands subrogated to Gould's rights and causes of actions under the terms and conditions of the subject insurance policy.

## Count I – Contribution (as against Douglas Cummins)

25. Gould repeats the allegations contained in paragraphs 1-24 and incorporates them as if fully set forth herein.

26. Cummins' negligence makes him a joint tortfeasor with Gould and Silveira.

27. The $290,000 Hingham Mutual paid to settle the underlying case was a reasonable amount.

WHEREFORE, Hingham Mutual prays for a judgment against Cummins:

a. for a declaration pursuant to 28 U.S.C. § 2201 regarding the rights and responsibilities of the parties' insurers to defend and indemnify the parties to this action.

b. for damages in the amount of $96,666.66, which represents Cummins' pro rata, one-third (1/3) share of the $290,000 settlement in the underlying case, plus interest, costs and attorney's fees.

c. for such other relief as the Court might find just or equitable.

## Count II – Contribution (as against Douglas Cummins)

28. Gould repeats the allegations contained in paragraphs 1-27 and incorporates them as if fully set forth herein.

29. Silveira's negligence makes him a joint tortfeasor with Gould and Cummins.

30. The $290,000 Hingham Mutual paid to settle the underlying case

was a reasonable amount.

WHEREFORE, Hingham Mutual prays for judgement against Silveira:

a. for a declaration pursuant to 28 U.S.C. § 2201 regarding the rights and responsibilities of the parties' insurers to defend and indemnify the parties to this action.

b. for damages in the amount of $96,666.66, which represents Silveira's pro rata, one-third (1/3) share of the $290,000 settlement in the underlying case, plus interest, costs and attorney's fees.

c. for such other relief as the Court might find just or equitable.

**THE PLAINTFF DEMANDS A TRIAL BY JURY
AS TO ALL ISSUES SO TRIABLE**

Dated: March 29, 2004

The Plaintiff,
HINGHAM MUTUAL FIRE
INSURANCE COMPANY,
a/s/o MICHAEL GOULD,
By its attorney,

_____
W. Paul Needham
BBO #368260
W. Paul Needham, P.C.
10 Liberty Square
Boston, MA  02109
Tel: (617) 482-0500

## CERTIFICATE OF SERVICE

    I hereby certify that I served the foregoing *First Amended Complaint for Contribution and Declaratory Relief and Jury Demand* on the defendants by mailing a copy hereof, postage prepaid, to the following on March 29, 2004:

| | |
|---|---|
| Dennis T. Grieco, II, Esq. | D. Michael Arter, Esq. |
| Gidley, Sarli & Marusak | Law Office of Brian M. Cullen |
| One Turks Head Place, Suite 900 | 100 Summer Street, Suite 201 |
| Providence, RI 02903 | Boston, MA 02109 |

*/s/ W. Paul Needham*
W. Paul Needham