UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 03-CV-12391-WGY

HINGHAM MUTUAL FIRE INSURANCE COMPANY a/s/o
MICHAEL GOULD,
Plaintiff

VS

DOUGLAS CUMMINS and
EDWARD SILVEIRA,
Defendants

===================================================

## ANSWER OF THE DEFENDANT DOUGLAS CUMMINS
## TO PLAINTIFF'S AMENDED COMPLAINT

The defendant, Douglas Cummins, answers the plaintiff's Amended Complaint as follows:

1. The defendant admits the allegations contained in paragraph 1.

2. The defendant admits the allegations contained in paragraph 2.

3. The defendant admits the allegations contained in paragraph 3.

4. The defendant admits the allegations contained in paragraph 4.

5. The defendant admits the allegations contained in paragraph 5.

6. The defendant admits the allegations contained in paragraph 6.

7. The defendant admits the allegations contained in paragraph 7.

8. The defendant admits the allegations contained in paragraph 8.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, neither admits nor denies the same.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, neither admits nor denies the same.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, neither admits nor denies the same.

12. The defendant admits the allegations contained in paragraph 12.

13. The defendant admits the allegations contained in paragraph 13.

14. The defendant admits the allegations contained in paragraph 14.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, neither admits nor denies the same.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, neither admits nor denies the same.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, therefore, neither admits nor denies the same.

18. The defendant admits the allegations contained in paragraph 18.

19. The defendant denies the allegations contained in paragraph 19.

20. The defendant denies the allegations contained in paragraph 20.

21. The defendant admits the allegations contained in paragraph 21.

22. The defendant admits the allegations contained in paragraph 22.

23. The defendant admits the allegations contained in paragraph 23.

24. The defendant denies the allegations contained in paragraph 24.

25. By reference he incorporates his answers to paragraphs 1 – 24 herein as his answer to paragraph 25 of Count 1.
26. The defendant denies the allegations contained in paragraph 26 of Count 1.
27. The defendant denies the allegations contained in paragraph 27 of Count 1.
28. He does not answer Count II as it does not pertain to him.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant says if the plaintiff was injured and is entitled to recover as alleged in the plaintiff's amended complaint it is due to the liability of a third party for whom the defendant is not responsible wherefore, the plaintiff cannot recover in the instant action.

### SECOND AFFIRMATIVE DEFENSE

The defendant moves this Honorable Court to dismiss this civil action pursuant to Mass. R. Civ. P. 12(b)(6) inasmuch as the plaintiff has failed to state a claim against the defendant upon which relief can properly be granted.

### THIRD AFFIRMATIVE DEFENSE

The defendant says that this action was not commenced within the time required by the laws made and provided therefore.

## JURY CLAIM

The defendant claims a trial by jury as to all issues.

## COUNTER-CLAIM
## VS.
## HINGHAM MUTUAL FIRE INSURANCE COMPANY

1. The plaintiff-in-counterclaim is Douglas Cummins.
2. The defendant-in-counterclaim is Hingham Mutual Fire Insurance Company.

3. On the date of the alleged accident, Hingham Mutual Fire Insurance Company insured Michael Gould pursuant to a homeowner's policy.

4. Said policy contains language making the plaintiff in counterclaim, Douglas Cummins, an additional insured under the Gould policy under the circumstances of this case wherein Cummins was "using . . . watercraft owned by our insured."

5. At the time of the alleged accident, the plaintiff-in-counterclaim, Douglas Cummins, was a permissive user of Michael Gould's boat.

6. Hingham Mutual Fire Insurance Company, is required to defend and indemnify the plaintiff-in-counterclaim, Douglas Cummins, in the present action.

7. To date the defendant-in-counterclaim Hingham Mutual Fire Insurance Company has failed to defend or indemnify the plaintiff-in-counterclaim, Douglas Cummins, and is in breach of contract.

8. The defendant-in-counterclaim, Hingham Mutual Fire Insurance Company, is also in breach of a fiduciary duty owed its insured, Douglas Cummins, and has committed acts in violation of M.G.L. Chapters 176D and Ch. 93A.

9. By letter dated February 12, 2004, the plaintiff-in-counterclaim, Douglas Cummins, complied with the presentment requirements embodied within M.G.L. Chapter 93A. A copy of the referenced letter is attached hereto, and its allegations are incorporated by reference.

10. By letter dated February 24, 2004, the defendant-in-counterclaim, Hingham Mutual Fire Insurance Company, has failed to offer any good faith settlement, and continues to be in breach of contract and in violation of M.G.L. Chapters 176D and Ch. 93A.

WHEREFORE, the plaintiff-in-counterclaim, Douglas Cummins, demands that the defendant-in-counterclaim, Hingham Mutual Fire Insurance Company, defend and

indemnify him in the instant action, pay him damages for breach of contract, and for violations of M.G.L. Ch. 93A and 176D, and pay his attorneys fees and costs, together with interest.

**PLAINTIFF-IN-COUNTERCLAIM DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

By his attorney,

*/s/ D. Michael Arter/*

D. Michael Arter
Law Office of Brian M. Cullen
100 Summer Street, Suite 201
Boston, MA 02110
(617) 772-2800
B.B.O. #022410

DATED:     March 31, 2004