UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

HINGHAM MUTAL FIRE
INSURANCE COMPANY, a/s/o
MICHAEL GOULD,
        Plaintiff

v.                                CIVIL ACTION NO.: 03-12391-WGY

DOUGLAS CUMMINS and
EDWARD SILVEIRA,
        Defendants

## ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM OF DEFENDANT, EDWARD SILVEIRA

        Defendant, Edward Silveira, (hereinafter "this Defendant") hereby answers the First Amended Complaint of Plaintiff, Hingham Mutual Fire Insurance Company, a/s/o Michael Gould, as follows:

### Parties

        1.     This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the First Amended Complaint and therefore, leaves Plaintiff to its proof.

        2.     Admitted.

        3.     This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the First Amended Complaint and therefore, leaves Plaintiff to its proof.

        4.     Denied.

### Jurisdiction

        5.     This Defendant denies that he is a joint tortfeasor, as he understands that term is used in paragraph five of the First Amended Complaint. This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 5 of the First Amended Complaint and therefore, leaves Plaintiff to its proof.

  6. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the First Amended Complaint and therefore, leaves Plaintiff to its proof.

  7. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the First Amended Complaint and therefore, leaves Plaintiff to its proof.

  8. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the First Amended Complaint and therefore, leaves Plaintiff to its proof.

  9. Admitted.

  10. Paragraph 10 of the First Amended Complaint contains a conclusion of law to which no response is required under the applicable Rules of Civil Procedure. Nevertheless, this Defendant is without sufficient knowledge or information to admit or deny the factual allegations underlying a determination of subject matter jurisdiction in this case and therefore, leaves Plaintiff to its proof.

  11. Paragraph 11 of the First Amended Complaint contains a conclusion of law to which no response is required under the applicable Rules of Civil Procedure. Nevertheless, this Defendant is without sufficient knowledge or information to admit or deny the factual allegations underlying a determination of venue in this case and therefore, leaves Plaintiff to its proof.

  12. Paragraph 12 of the First Amended Complaint contains a conclusion of law to which no response is required under the applicable Rules of Civil Procedure. Nevertheless, this Defendant is without sufficient knowledge or information to admit or deny the factual allegations underlying a determination of the Court's authority to grant a declaratory relief pursuant to 28 USC §2201 in this case and therefore, leaves Plaintiff to its proof.

## **Facts**

  13. Admitted.

  14. Admitted.

  15. Admitted.

  16. Denied.

  17. Denied.

  18. Admitted.

  19. Denied.

      20.    Denied.

      21.    This Defendant admits that Melissa Macomber asserted no claims against him in the "underlying case." This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 21 of the First Amended Complaint and therefore, leaves Plaintiff to its proof.

      22.    Admitted.

      23.    This Defendant admits that Michael Gould appealed the verdict rendered against him in the "underlying case." This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 23 of the First Amended Complaint and therefore, leaves Plaintiff to its proof.

      24.    This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of the First Amended Complaint and therefore, leaves Plaintiff to its proof.

### Count I-Contribution (as against Douglas Cummins)

      25.    This Defendant repeats and incorporates by reference his responses to paragraphs 1-24 of the First Amended Complaint.

      26-27. Count I of the First Amended Complaint is not directed to and does not mention this Defendant and therefore, requires no response by this Defendant. To the extent that any of the allegations or claims contained in Count I are interpreted to allege any wrongdoing on behalf of this Defendant or any facts the Plaintiff seeks to establish against this Defendant, such allegations and claims are denied.

### Count II- Contribution (as against Douglas Cummins [sic] )

      28.    This Defendant repeats and incorporates by reference his responses to paragraphs 1-27 of the First Amended Complaint.

      29.    Denied.

      30.    This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 of the First Amended Complaint and therefore, leaves Plaintiff to its proof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims for contribution are barred pursuant to Mass. Gen. Laws ch. 231 B § 1, because of its failure to comply with the procedural and time based requirements of that statute.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims for contribution are barred or reduced by the comparative negligence of Melissa Macomber and/or Michael Gould. This Defendant claims all defenses related to that negligence and/or lack of due care.

### FOURTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by Melissa Macomber and the Plaintiff were caused, if at all, by the actions and conducts of others for whom this Defendant has no responsibility and/or liability.

### FIFTH AFFIRMATIVE DEFENSE

While this Defendant expressly denies allegations or claims that his conduct was negligent, he alternatively states that any such alleged negligence was not the proximate cause of the alleged injuries or damages of Melissa Macomber or the Plaintiff. Instead, such injuries or damages were the result of an intervening or superceding cause.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to join persons needed for just adjudication

**WHEREFORE**, Defendant, Edward Silveira, prays for the entry of judgment in his favor on all claims, awarding him his attorneys fees and costs in defending this action and such further relief this Court may deem just and proper.

**This Defendant demands a trial by jury on all claims so triable and designates Dennis T. Grieco II as his trial counsel.**

# COUNTER-CLAIMS

### vs.
### Hingham Mutual Fire Insurance Company

The Defendant/Plaintiff-in-Counterclaim, Edward Silveira, asserts counter-claims against the Plaintiff/Defendant-in-Counterclaim, Hingham Mutual Fire Insurance Company, as follows:

## Parties

1. The Plaintiff-in-Counterclaim is Edward Silveira (hereinafter "Silveira").

2. The Defendant-in-Counterclaim is Hingham Mutual Fire Insurance Company (hereinafter "Hingham Mutual").

## Jurisdiction

3. Hingham Mutual is a citizen of Massachusetts.

4. Edward Silveira is a citizen of Rhode Island.

5. In this action, Hingham Mutual has asserted claims against Silveria.

6. This Court has subject matter jurisdiction over this counterclaim.

7. This Court is the proper venue for this counterclaim.

## Facts

8. On or about August 4, 2001, Melissa Macomber sustained personal injuries as a result of an accident that occurred on a boat owned by Michael Gould (hereinafter "the Accident").

9. Earlier in the day on August 4, 2001 and prior to the Accident, Michael Gould had given his consent to Silveira and Douglas Cummins to use and operate the boat upon which Melissa Macomber was injured.

10. At the time of the Accident, Douglas Cummins was operating and Silveira was on and using the boat with Michael Gould's consent.

11. Hingham Mutual had issued a policy of insurance with a policy number of HO9722161 that was in full force and effect on August 4, 2001 (the "Policy of Insurance.") Michael Gould was the named insured on the Policy of Insurance.

      12.     Melissa Macomber sued Michael Gould in the Barnstable (Massachusetts) Superior Court, Civil Action No. BACV2001-00623 seeking damages for the injuries she sustained a result of the Accident (hereinafter "the Underlying Action").

      13.     Hingham Mutual provided a defense and insurance coverage to Michael Gould in the Underlying Action in fulfillment of its obligations under the Policy of Insurance.

      14.     At no time did Hingham Mutual reserve any right to deny insurance coverage or refuse to defend Michael Gould with respect to the claims against him in the Underlying Action.

      15.     Hingham Mutual paid $290,000 to settle the claims in the Underlying Action in fulfillment of its obligation to provide insurance coverage to its insured, Michael Gould, under the Policy of Insurance.

      16.     The Hingham Mutual Policy of Insurance contains the following language under "Definitions" section 6(e):

> Under Coverages L and M, **insured** also includes:
>
> e.    persons using or caring for watercraft or animals owned by an **insured** and to which this insurance applies (This does not include persons using or caring for watercraft or animals in the course of **business** or without the owner's consent.)

      17.     The Hingham Mutual Policy of Insurance contains the following language under "Liability Coverages:"

> **Coverage L – Personal Liability – We** pay, up to **our limit**, all sums for which an **insured** is liable by law because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies. **We** will defend a suit seeking damages if the suit resulted from **bodily injury** or **property damage** not excluded under this coverage. **We** may make investigations and settle claims or suits that **we** decide are appropriate. **We** do not have to provide a defense after **we** have paid an amount equal to **our limit** as a result of a judgment or written settlement.
>
>     \*    \*    \*    \*    \*
>
> 6. Watercraft –
>
>   a. **We** pay for the **bodily injury** for the **property damage** which results from the maintenance, use, loading or unloading of:
>
>     \*    \*    \*    \*    \*

6

      (2) A watercraft that is not owned by or rented to **insured** if the loss is the result of the activities of an **insured.**

             \*      \*      \*      \*      \*

      (5) A watercraft which is powered by outboard motors which total 25 horsepower or less.

  b. We **pay** for the **bodily injury** or the **property damage** which results from the maintenance, use, loading or unloading of a watercraft that is powered by outboard motors which total more than 25 horsepower, if:

      1) Motors are listed on the declarations as insured for personal liability;

             \*      \*      \*      \*      \*

      **;** or

      3) The motors are not owned by an **insured.**

18. The declarations for Hingham Mutual policy number H09722161 listed the motor on the boat owned by Michael Gould that was involved in the Accident.

19. In or about August, 2003, Hingham Mutual received written notice from Douglas Cummins' insurer that Douglas Cummins would be entitled to coverage and defense under Hingham Mutual Policy Number H09722161 for any contribution claims arising out of the Accident. As a result of said notice, Hingham Mutual knew or should have known that Silveira had the same rights to defense and coverage under that policy for any contribution claims arising out the Accident.

20. Despite said knowledge, Hingham Mutual, through its counsel, sent Silveira a July 22, 2003 letter outlining its purported rights to and basis for a contribution claim against Silveira arising out of the Accident.

21. On or about November 26, 2003, Hingham Mutual initiated the instant action, seeking contribution from Silveira, as a joint tortfeasor in the Accident, in the amount of $96,666.66.

22. On February 2, 2004, counsel for Silveira and Douglas Cummins re-iterated to Hingham Mutual, through its counsel and through its claims representative, their clients' rights to and demand for defense and coverage under Hingham Mutual Policy No. H09722161 for the contributions claims asserted by Hingham Mutual in the present action.

23. Counsel for Silveira and Douglas Cummins again re-iterated those rights and demands to Hingham Mutual through its counsel on February 11 and 12, 2004 respectively.

24. Hingham Mutual, through its counsel, responded to Silveira's claim and demand for defense and coverage by letter to Silveira's counsel, dated February 24, 2004 but not received until April 2, 2004.  In that letter, Hingham Mutual denied Silveira's claim and demand for defense in coverage and in doing so: misrepresented the benefits, conditions, or terms of Hingham Mutual Policy No. H09722161; misrepresented pertinent facts or provisions of that policy relating to the coverage at issue; failed to effectuate a prompt, fair, and equitable settlement of Silveria's claims and demands for coverage and defense for which Hingham Mutual's liability had become reasonably clear; and failed to promptly provide a reasonable explanation of the basis in that policy for its denial of Silveira's claims and demands.

25. Hingham Mutual has failed to maintain procedures for the handling of the claims asserted in the Underlying Action and the claims asserted in the present action against Silveira and Douglas Cummins.

## COUNT I

### Breach of Contract/Duty to Defend and Indemnify

26. Silveira restates and realleges paragraphs 1 – 25 of this Counterclaim as if fully set forth herein.

27. Silveira is an "insured" under the Hingham Mutual Policy of Insurance.

28. The allegations in Hingham Mutual's Original and First Amended Complaints against Silveira in the instant litigation state, or are reasonably susceptible of an interpretation that they state, a claim covered by the terms of the Hingham Mutual Policy of Insurance.

29. Hingham Mutual owes a duty to Silveira to defend him in the instant litigation.

30. Hingham Mutual owes a duty to Silveira in the instant litigation to pay all sums for which Silveira is liable by law due to the Accident.

31. Silveira has claimed and demanded that Hingham Mutual satisfy and fulfill its duties and obligations to defend him in the instant litigation and to pay all sums for which Silveira may be liable by law in the instant litigation due to the Accident.

32. Hingham Mutual has unreasonably delayed investigating and responding to Silveira's claim and demand and has refused to fulfill its duties and obligations to Silveira.

33. Hingham Mutual has breached its duty to defend Silveira in the instant litigation.

34. Hingham Mutual has breached its duty to Silveira to pay all sums for which Silveira may be liable by law due to the Accident.

35. As a result of Hingham Mutual's breach of its duty to defend Silveira, Silveira has sustained damages.

36. As a result of Hingham Mutual's breach of its duty to Silveira to pay all sums for which Silveira is liable by law due to the accident, Silveira has or will sustain damages.

37. Hingham Mutual's failure to defend Silveira and failure to pay all sums for which Silveira is liable by law due to the accident in the instant litigation constitutes malicious, wanton, and/or oppressive conduct done in reckless disregard of Silveira's rights and/or in callous indifference to Silveira.

WHEREFORE, the Defendant/Plaintiff-in-Counterclaim, Edward Silveira, demands judgment against the Plaintiff/Defendant-in-Counterclaim, in an amount sufficient to invoke the jurisdiction of this Court, as well as attorney's fees, costs, punitive damages, and any other relief that this Court deems appropriate.

## COUNT II
### Abuse of Process

38. Silveira restates and realleges paragraphs 1 – 37 of this Counterclaim as if fully set forth herein.

39. Hingham Mutual knew, or reasonably should have known:

   a. That Silveira is an insured under the Hingham Mutual policy of insurance in effect at the time of the accident;

   b. That it owes a duty to defend Silveira in the instant litigation;

   c. That it owes a duty to Silveira to pay all sums for which Silveira is liable by law due to the accident;

   d. That, as an insurer, it is not entitled to seek contribution or otherwise initiate a subrogation action against its insured, Silveira.

40. Hingham Mutual has initiated, pursued, and used the instant litigation for an ulterior or illegitimate purpose.

41. As a result of Hingham Mutual's use of the instant litigation for an ulterior or illegitimate purpose, Silveira has sustained damages.

42. Hingham Mutual's use of the instant litigation for an ulterior or illegitimate purpose constitutes malicious, wanton, and/or oppressive conduct done in reckless disregard of Silveira's rights and/or in callous indifference to Silveira.

WHEREFORE, the Defendant/Plaintiff-in-Counterclaim, Edward Silveira, demands judgment against the Plaintiff/Defendant-in-Counterclaim, in an amount sufficient to invoke the jurisdiction of this Court, as well as attorney's fees, costs, punitive damages, and any other relief that this Court deems appropriate.

## COUNT III
### Violation of M.G.L. c.93A and c.176D

43.     Silveira restates and realleges paragraphs 1 – 42 of this Counterclaim as if fully set forth herein.

44.     Hingham Mutual has committed, used, and/or employed unlawful methods, acts, and/or practices in violation of the provisions of M.G.L. c.93A and c.176D.

45.     Hingham Mutual's use and/or employment of said unlawful methods, acts, and/or practices in violation of the provisions of M.G.L. c.93A and c.176D were willing and/or knowing violations of the provisions of M.G.L. c.93A and c.176D.

46.     As a result of Hingham Mutual's use and/or employment of said unlawful methods, acts, and/or practices in violation of the provisions of M.G.L. c.93A and c.176D, Silveira was injured and has sustained damages.

WHEREFORE, the Defendant/Plaintiff-in-Counterclaim, Edward Silveira, demands judgment against the Plaintiff/Defendant-in-Counterclaim, in an amount sufficient to invoke the jurisdiction of this Court, as well as any and all relief afforded pursuant to the provisions of M.G.L. c.93A, including but not limited to double or treble damages, costs, and attorney's fees, and any other relief that this Court deems appropriate.

**This Defendant demands a trial by jury on all claims so triable and designates Dennis T. Grieco II as his trial counsel.**

                                                Defendant,
                                                Edward Silveira,
                                                By his attorneys

                                                _____
                                                Dennis T. Grieco II
                                                BBO#: 545304
                                                GIDLEY, SARLI, & Marusak, LLP
                                                One Turks Head Place, Ste. 900
                                                Providence, RI  02903
                                                Tel: (401) 274-6644
                                                Fax: (401) 3319304

**CERTIFICATION**

W. Paul Needham, Esq.
W. Paul Needham. P.C.
10 Liberty Square
Boston, MA 02109

D. Michael Arter, Esq.
Law Office of Brian M. Cullen
100 Summer Street, Suite 201
Boston, MA 02109

    I hereby certify that on the ___day of _____, 2004, I mailed a true copy of the within to counsel of record, as above.

                                                              _____