UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HINGHAM MUTUAL FIRE INSURANCE COMPANY, a/s/o MICHAEL GOULD, Plaintiff<br><br>v.<br><br>DOUGLAS CUMMINS and EDWARD SILVEIRA, Defendnts | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.:<br>)  03-12391-WGY<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT-IN-COUNTERCLAIM, HINGHAM MUTUAL FIRE INSURANCE COMPANY, TO SEVER AND STAY COUNTERCLAIMS OF EDWARD SILVEIRA AND DOUGLAS CUMMINS**

The Defendant-in-Counterclaim, Hingham Mutual Fire Insurance Company ("Hingham Mutual"), hereby submits this Memorandum in Support of its Motion to Sever and Stay the Counterclaims of Edward Silveira ("Silveira") and Douglas Cummins ("Cummins").

### I. FACTUAL BACKGROUND

This case arises out of an August 4, 2001 incident in which Melissa Macomber ("Macomber") sustained personal injuries. The incident occurred in a motorboat owned by Hingham Mutual's insured/subrogor, Michael Gould ("Gould"), during Gould's wedding reception.

In September 2001, Macomber filed a lawsuit against Gould in Barnstable County (Massachusetts) Superior Court, Civil Action No. BACV2001-00623 (hereinafter the "underlying case"). A jury awarded Macomber $300,000 plus

1

interest in December 2002, and Gould appealed. After the parties filed their briefs in the Massachusetts Appeals Court, Hingham Mutual paid $290,000 to settle the underlying case.

In this case, Hingham Mutual alleges that the negligence of Silveira and Cummins caused Macomber's injuries and that, as joint tortfeasors, they are each obligated to contribute their pro rata, one-third share of the $290,000 settlement ($96,666.66 each).

Cummins contends that he was an insured under Gould's Hingham Mutual homeowners insurance policy at the time of the incident and that Hingham Mutual is therefore solely responsible for defending and indemnifying him, notwithstanding the fact that Cummins had his own liability insurance with Travelers Insurance. Silveira contends that he did not own liability insurance at the time of the incident but that he too was insured under Gould's Hingham Mutual policy. It is Hingham Mutual's position that neither Cummins nor Silveira were its insureds.

In order to resolve the issue whether and through which company Silveira and Cummins were insured on August 4, 2001, Hingham Mutual moved to amend its complaint to add a declaratory judgment action. The Court allowed that motion on February 25, 2004, and Hingham Mutual filed its Amended Complaint on March 29, 2004.

In their Answers to the Amended Complaint, both Silveira and Cummins included counterclaims. Silveira's counterclaim has three counts -- Breach of Contract /Duty to Defend and Indemnify (Count I); Abuse of Process (Count

2

II); and Violation of M.G.L. c. 93A and 176D (Count III). Cummins only alleges violations c. 93A and 176D.

## II. SILVEIRA AND CUMMINS'S DISCOVERY REQUESTS

Pursuant to initial disclosure requirement of Fed. R. Civ. P. 26, Hingham Mutual produced Gould's homeowner's insurance policy, as well as the following documents from the underlying case:

- Certified Docket Sheet in the underlying case;
- Complaint;
- Transcript of deposition of Cummins;
- Transcript of deposition of Silveira;
- Transcript of deposition of Gould;
- Transcript of deposition of Macomber;
- Full trial transcript;
- Judgment on jury verdict;
- Release;
- Satisfaction of Judgment; and
- Settlement check.

Silveira and Cummins have sought a substantial amount of additional discovery. Silveira served a Request for Production of Documents (the "Request"), a Supplemental Request, Interrogatories, and Supplemental Iinterrogatories (Hingham Mutual's Responses to the Requests and its Answers to Interrogatories are attached hereto as Exhibit A); Cummins has served a Notice of the Deposition of Hingham Mutual pursuant to Rule 30(b)(6), which identified seven topics of inquiry in "Schedule A" and contained four document requests in "Schedule B" (*see* Exhibit B attached hereto), and Silveira has supplemented the Notice of Deposition by adding nine topics of inquiry (*see* Exhibit C attached hereto). The deposition has not yet gone forward.

3

Hingham Mutual has answered the interrogatories (*see* Exhibit A) and produced copies of the following documents in response to Silveira's Request:

- Defendant's Answer to the Plaintiff's Complaint in the underlying case;
- Plaintiff's Answer to Defendant's Interrogatories in the underlying case;
- Defendant's Answers to Plaintiff's Interrogatories in the underlying case;
- Demand letters from W. Paul Needham to Silveira and Cummins dated July 22, 2003;
- Response letters from W. Paul Needham to Attorneys Arter and Grieco dated February 24, 2004; and
- Letter from W. Paul Needham to William V. Wry, Jr., Technical Specialist, Travelers Insurance, dated August 26, 2003.

However, many of the discovery requests pertain, in whole or in part, to Silveira and Cummins's counterclaims, and Hingham Mutual has objected to producing any such information. Specifically, Hingham Mutual has refused to produce the following documents in response to Silveira's Requests:

1. Investigation reports prepared by Norfield Associates, Inc., independent adjuster for Hingham Mutual Fire Insurance Company, dated September 12, 2001, October 11, 2001, and December 5, 2001;

2. Status letters from W. Paul Needham to Hingham Mutual Fire Insurance Company dated January 14, 2002, July 20, 2002, October 23, 2002, November 20, 2002, December 10, 2002; and

3. Any documents that would be responsive to Silveira's Request No. 21, by which he seeks:

    > All communications and/or documents related to all instances where Hingham Mutual has asserted claims for contribution against any party claim to be an insured under a Hingham Mutual policy within the last ten (10) years, identifying and describing in your Answer all litigation that arose our of such claims and the resolution of all such claims.

(*see* Exhibit A).

Hingham Mutual has also refused to answer all or part of the following interrogatories propounded by Silveira:

> 11. Identify all communications and/or documents concerning and/or related to the claims asserted by Melissa Macomber against Michael Gould as a result of her August 4, 2001 accident and/or all claims asserted in the present action.

*****

> 13. Describe in detail the circumstances surrounding when Hingham Mutual first learned of or considered any contention or suggestion that either Edward Silveira or Douglas Cummins were insureds under Hingham Mutual's Policy No. H0972216l, and all actions taken by Hingham Mutual through its employees, agents, representatives or attorneys as a result of learning of that suggestion and/or contention, identifying all persons with knowledge of such suggestion and/or contention and the actions taken as a result thereof and identifying all communications and/or documents concerning or related to those issues.

*****

> 16. Please identify any and all practices, policies, rules, customs, protocols, whether reduced to writing or not, of Hingham Mutual concerning or related to: the application for, the issuance of, underwriting of, or cancellation of Hingham Mutual's policies of insurance similar to policy number H0972216l; the handling and/or defense of claims such as those asserted by Melissa Macomber against Michael Gould; the handling and/or defense of contribution claims against Hingham Mutual's insureds; the handling and/or prosecution of subrogation or contribution claims by Hingham Mutual; the denial of coverage and/or the reservation of rights to deny coverage by Hingham Mutual; and the decision and notification of the provision of a defense to Hingham Mutual insureds or the refusal to provide such defense.

*****

> 18. Identify and describe all instances where Hingham Mutual has asserted claims for contribution against any party claim to be an insured under a Hingham Mutual policy within the last ten (10) years, identifying and describing in your Answer all

    litigation that arose our of such claims and the resolution of all such claims.

19. For each instance identified or described in the proceeding [*sic*] Interrogatory, identify all communications and/or documents related to such contribution claims or claims and/or entitled to coverage and defense under a Hingham Mutual policy.

(*see* Exhibit A).

With respect to the Rule 30(b)(6) deposition, Hingham Mutual submits that the following areas of inquiry and document requests pertain to Silveira and Cummins's counterclaims only:

* ***From "Schedule A" topics of inquiry:***

1. The procedures and guidelines utilized by Hingham Mutual in the handling of liability claims arising under Hingham Mutual insurance policies.

2. The handling of the claim of Melissa Macomber against Michael Gould.

*****

4. The liability investigation of Hingham Mutual with respect to the claim of Melissa Macomber and Douglas Cummins against the Michael Gould Policy.

*****

6. The training, experience and work history of the claims adjuster, Mark T. Wilkin.

(*see* Exhibit B).

* ***From "Schedule B" discovery requests:***

2. Any written procedures promulgated by Hingham Mutual Fire Insurance Company for the handling of liability claims.

3. The claim file of Hingham Mutual Fire Insurance Company for

          the claim of Melissa Macomber against Michael Gould.

4. Any statements made by:

      a. Michael Gould
      b. Melissa Macomber
      c. Douglas Cummins
      d. Edward Silveira

(*see* Exhibit B).

### * *From Silveira's supplemental topics of inquiry*:

5. The handling and/or defense of the claims asserted by Melissa Macomber against Michael Gould as a result of her August 4, 2001 accident and/or the handling of all claims in the present action;

6. Communications and/or documents concerning or related to the application for underwriting of, issuance to or cancellation of any and all policies of insurance issued by Hingham Mutual to Michael Gould, including but not limit to Policy No. HO9722161.

7. The circumstances surrounding when Hingham Mutual first learned of or considered any contention or suggestion that either Edward Silveira or Douglas Cummins were insured under Hingham Mutual's Policy No. HO9722161, and all actions taken by Hingham Mutual through its employees, agents, representatives or attorneys as a result of learning of that suggestion and/or contention;

*****

9. Any and all practices, policies, rules, customs, and protocols, written or unwritten, of Hingham Mutual concerning or related to:

    (a) the application for, the issuance of, underwriting of, or cancellation of Hingham Mutual's policies of insurance similar to policy number HO9722161.

    (b) the handling and/or defense of claims such as those asserted by Melissa Macomber against Michael Gould;

  (c) the handling and/or defense of contribution claims against Hingham Mutual's insureds;

  (d) the handling and/or prosecution of subrogation or contribution claims by Hingham Mutual;

  (e) the denial of coverage and/or reservation of rights to deny coverage by Hingham Mutual;

  (f) and the decision concerning and notification of the provision of a defense to Hingham Mutual insureds or the refusal to provide such a defense.

(*see* Exhibit C).

### III. ARGUMENT

The counterclaims and all discovery related thereto should be stayed until after the underlying contribution claims and declaratory judgment action have been resolved. Such an order would serve the interests of judicial economy, because adjudication of those two claims would clarify the issues presented by the counterclaims. For instance, were Hingham Mutual to prevail on the declaratory judgment action and the contribution claims, any basis for the counterclaims would be eliminated, because the counterclaims essentially allege that Hingham Mutual acted in bad faith in its filing and handling of this case. That is to say, if it is determined that (1) neither Silveria nor Cummins was covered under Michael Gould's Hingham Mutual homeowner's insurance policy on August 4, 2001, and (2) their negligence caused Melissa Macomber injuries, there could be no finding that Hingham Mutual breached some contract of insurance with Silveira, abused process, or violated M.G.L. c. 93A and c. 176D by denying Silveira and Cummins's

demands for defense and indemnification. *Cf. Skinder-Strauss Assocs. v. Massachusetts Continuing Legal Education, Inc.*, 870 F. Supp. 8, 10 (D. Mass. 1994) (allowing motion to sever and stay c. 93A counterclaim so as to avoid "a waste of judicial and party resources.").

The counterclaims should also be severed and stayed because if Silveira and Cummins are allowed to proceed with discovery on the requests set forth in Section II of this Motion, Hingham Mutual would be severely prejudiced at trial, since the information obtained by means of those requests, which would be inadmissible in the context of the declaratory judgment action and contribution claims, would nevertheless be presented to factfinder. The declaratory judgment action involves a legal determination of the rights and obligations of the parties under the various policies of insurance at issue in this case, and the contribution claim involves the issue of whether Silveira and Cummins were negligent. Any information that Silveira and Cummins obtained by means of the disputed discovery requests would have no bearing on either of those claims and would therefore be wholly irrelevant in that context; the information would only arguably be relevant to the counterclaims. *See* Fed. R. Evid. 401. Even if some of the information had some small degree of relevance, however, its probative value would be far outweighed by the risk of unfair prejudice to Hingham Mutual. *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice....").

Furthermore, nearly all of the information sought by means of the

9

disputes requests is protected work product. The work product doctrine, as established in *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947), and codified in Fed. R. Civ. P. 26(b)(3), protects "the files and mental impressions of an attorney ... reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways" prepared in anticipation of litigation. *United States v. Randall*, 194 F.R.D. 369, 373 (D. Mass. 1999). In order to determine whether a document has been prepared in anticipation of litigation, the First Circuit has adopted the "because of" test, *see Maine v. United States DOI*, 298 F.3d 60, 68 (1st Cir. 2003), meaning that documents are "within the scope of the Rule if, 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'" *Id., quoting United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998).

At the very least, the following documents were prepared in anticipation of litigation: Investigation reports prepared by Norfield Associates, Inc., independent adjuster for Hingham Mutual Fire Insurance Company, dated September 12, 2001, October 11, 2001, and December 5, 2001;[1] status letters from W. Paul Needham to Hingham Mutual Fire Insurance Company dated January 14, 2002, July 20, 2002, October 23, 2002, November 20, 2002,

---

[1] The incident which gave rise to the underlying case occurred on August 4, 2001, and suit was filed on September 28, 2001. Thus, the investigative reports were prepared immediately before suit was filed and while it was pending.

December 10, 2002;[2] any documents concerning "the handling of the claim of Melissa Macomber against Michael Gould" and "the liability investigation of Hingham Mutual with respect to the claim of Melissa Macomber and Douglas Cummins against the Michael Gould Policy;" the claim file of Hingham Mutual Fire Insurance Company for the claim of Melissa Macomber against Michael Gould; any statements made by Michael Gould, Melissa Macomber, Douglas Cummins, Edward Silveira; any documents concerning "the circumstances surrounding when Hingham Mutual first learned of or considered any contention or suggestion that either Edward Silveira or Douglas Cummins were insured under Hingham Mutual's Policy No. HO9722161" and "all actions taken by Hingham Mutual through its employees, agents, representatives or attorneys as a result of learning of that suggestion and/or contention;" and any documents concerning Hingham Mutual's practices, policies, rules, customs, and protocols as requested by Silveira in his supplement to Cummins's Notice of Deposition, and any other documents concerning how Hingham Mutual handles and defends contribution and subrogation actions.[3]

None of the exceptions to the work product doctrine apply within the context of the declaratory judgment action and contribution claims. Pursuant to Fed. R. Civ. P. 26(b)(3), materials that are prepared in anticipation of litigation are nevertheless discoverable only "upon a showing that the party

---

[2] All of these letter were prepared while the underlying case was pending and, in any event, are protected by the attorney client privilege.

[3] See Logan v. Commercial Union Ins. Co., 96 F.3d 971, 976-77 (7th Cir. 1996) (insurance claim documents requested by injured worker concerning insurance company's defense strategy were created in anticipation of litigation).

11

seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Here, neither Silveira nor Cummins has a substantial need for the above-listed documents in the context of either the contribution claim or the declaratory judgment action, because that information has no bearing on either of those two claims; they arguably have a substantial need for the documents *only* in the context of the counterclaims. Therefore, the most efficient way to avoid prejudice to Hingham Mutual is to sever and stay the counterclaims and all discovery related thereto until after the declaratory judgment action and contribution claims are adjudicated.

Dated: June 21, 2004

HINGHAM MUTUAL
FIRE INS. CO.,
By its attorney,

W. Paul Needham
BBO#268360
W. Paul Needham, P.C.
10 Liberty Square
Boston, MA 02109
(617) 482-0500

**CERTIFICATE OF SERVICE**

**CERTIFICATE OF SERVICE**

    I hereby certify that I served the foregoing Memorandum in Support of Motion for Protective Order on the defendants by mailing a copy hereof, postage prepaid, to the following on June 21, 2004:

| | |
|---|---|
| Dennis T. Grieco, II, Esq. | D. Michael Arter, Esq. |
| Gidley, Sarli & Marusak | Law Office of Brian M. Cullen |
| One Turks Head Place, Suite 900 | 100 Summer Street, Suite 201 |
| Providence, RI 02903 | Boston, MA 02109 |

*/s/ W. Paul Needham*
W. Paul Needham