UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HINGHAM MUTUAL FIRE INSURANCE COMPANY, a/s/o MICHAEL GOULD, Plaintiff | ) ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 03-12391-WGY |
| DOUGLAS CUMMINS and EDWARD SILVEIRA, Defendants | ) ) ) ) ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT EDWARD SILVEIRA TO PRODUCE INSURANCE POLICIES**

The Plaintiff, Hingham Mutual Fire Insurance Company ("Hingham Mutual"), hereby submits this Memorandum in Support of its Motion to Compel Defendant Edward Silveira to Produce Insurance Policies (a copy of Hingham Mutual's Request for Production of Documents is attached hereto as Exhibit A). In support of this Motion, Hingham Mutual relies on the Memorandum filed herewith.

## I. FACTUAL BACKGROUND

This case arises out of an August 4, 2001 incident involving a motorboat owned by Hingham Mutual's insured/subrogor, Michael Gould ("Gould") in which Melissa Macomber ("Macomber") sustained personal injuries. In September 2001, Macomber filed a negligence claim against Gould in Barnstable County (Massachusetts) Superior Court, Civil Action No. BACV2001-00623

1

(hereinafter the "underlying case"), and in December 2002, a jury awarded Macomber $300,000 plus interest. Gould appealed, and after the parties filed their briefs in the Massachusetts Appeals Court, Hingham Mutual paid $290,000 to settle the underlying case.

In this case, Hingham Mutual alleges that the negligence of Silveira and Cummins caused Macomber's injuries and that, as joint tortfeasors, they are each obligated to contribute their pro rata, one-third share of the $290,000 settlement ($96,666.66 each).

Silveira did not produce any documents pursuant to the initial disclosure requirement of Rule 26(a)(1)(D), which required him to produce "for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Silveira contends that he did not own liability insurance at the time of the incident but that he was insured under Gould's Hingham Mutual policy. It is Hingham Mutual's position that Silveira was not its insured.

Having not received any insurance policies from Silveira pursuant to Rule 26(a)(1)(D), Hingham Mutual served a Request for Production of Documents on Silveira on March 2, 2004. Hingham Mutual made only one Request:

> **REQUEST NO. 1**: All policies of insurance that were in effect on August 4, 2001 which:
>
> (a)   Listed Edward Silveira as a named insured;

2

> (b) Listed any business entity in which Edward Silveira had an ownership interest as a named insured;
>
> (c) Otherwise provided insurance coverage of any kind and for any reason to Edward Silveira and/or any business entity in which he had an ownership interest.

(*See* Exhibit A attached hereto).

Silveira responded to Request No. 1 as follows:

> Defendant objects to providing any insurance agreement other than those designated in Fed. R. Civ. P. 26(a)(1)(D). To the extent this request seeks insurance agreements beyond those designated in that rule, it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant has no insurance agreements as described in Fed. R. Civ. P. (a)(1)(D) that were in effect on August 4, 2001.

(*See* Exhibit B attached hereto).

In order to resolve the issue whether Silveira was its insured, Hingham Mutual amended its complaint to add a declaratory judgment action.

## II. ARGUMENT

An order compelling discovery is appropriate when a response to a request for production of documents is incomplete or evasive. *See* Fed. R. Civ. P. 37(a)(3) (incomplete or evasive discovery response is treated as a failure to respond).

Silveira is a contractor and a homeowner. It is likely that there was some policy of insurance on which he and/or any business interest he owns is the named insured as of August 4, 2001, or which otherwise provided him with insurance coverage on that date. Whether any such policies would cover

3

Silveira for negligence related to the August 4, 2001 incident is a question for this Court in the context of the declaratory judgment action. Any such policies are therefore highly relevant to that declaratory judgment action. By refusing to produce them, Silveira has effectively taken that decision out of this Court's hands and made a legal conclusion as to the scope of the policies without providing Hingham Mutual an opportunity to review the policy language.

### III. CONCLUSION

Silveira should be compelled to produce any and all polices that are responsive to Hingham Mutual's Request No. 1.

Dated: August 4, 2004

The Plaintiff,
HINGHAM MUTUAL
FIRE INS. CO.,
By its attorney,

W. Paul Needham
BBO#268360
W. Paul Needham, P.C.
10 Liberty Square
Boston, MA 02109
(617) 482-0500

4

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Memorandum in Support of Motion for Protective Order on the defendants by mailing a copy hereof, postage prepaid, and faxing a copy of the same to the following on August 4, 2004:

Dennis T. Grieco, II, Esq.  
Gidley, Sarli & Marusak  
One Turks Head Place, Suite 900  
Providence, RI 02903

D. Michael Arter, Esq.  
Law Office of Thomas Niarchos  
100 Summer Street, Suite 201  
Boston, MA 02109

*/s/ W. Paul Needham*  
W. Paul Needham

5