UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

HINGHAM MUTAL FIRE
INSURANCE COMPANY, a/s/o
MICHAEL GOULD,
       Plaintiffs

CIVIL ACTION NO.:
03-12391-WGY

v.

DOUGLAS CUMMINS and
EDWARD SILVEIRA,
       Defendants

**DEFENDANT, EDWARD SILVEIRA'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT, EDWARD SILVEIRA, TO PRODUCE INSURANCE POLICIES AND MEMORANDUM OF REASONS IN SUPPORT OF HIS OBJECTION**

The Defendant, Edward Silveira, hereby objects to the Plaintiff's Motion to Compel production of insurance policies. The Plaintiff's Request for insurance policies is overbroad and its Motion to Compel is moot, as the Plaintiff has been provided a complete response to its request. In further support of his objection to Plaintiff's Motion to Compel, Defendant, Edward Silveira, submits the following Memorandum of Reasons.

    **I.    Factual Background**

On or about August 4, 2001, Melissa Macomber sustained personal injuries as a result of an accident that occurred on a boat owned by Michael Gould (hereinafter "the Accident"). (See ¶ 8 of the Answer to First Amended Complaint and Counterclaim of Defendant, Edward Silveira, attached as **Exhibit 1**). Earlier in the day on August 4, 2001 and prior to the Accident, Michael Gould had given his consent to Edward Silveira and Douglas Cummins to use and operate the boat upon which Melissa Macomber was injured, and never revoked that consent. (**Exhibit 1**, ¶

**9, 10**). Melissa Macomber then brought suit against Michael Gould in the Barnstable (Massachusetts) Superior Court, Civil Action No. BACV2001-00623 seeking damages for the injuries she sustained a result of the accident. (**Exhibit 1**, ¶ 12). Hingham Mutual provided a defense and insurance coverage to Michael Gould in connection with that suit in fulfillment of its obligations under a policy of insurance which it issued and which named Michael Gould as an insured. (**Exhibit 1**, ¶ 13). Hingham Mutual paid $290,000 to settle Ms. Macomber's claims against Michael Gould, in fulfillment of its obligation to provide insurance coverage to its insured under that policy of insurance. (**Exhibit 1**, ¶ 15). Plaintiff's present contribution claims arise from its desire to recoup some of that settlement payment from the Defendants.

Subsequent to the commencement of the present action, Plaintiff produced its policy of insurance which named Michael Gould as an insured. The Hingham Mutual Policy defines as an insured entitled to coverage under the policy "persons using or caring for watercraft or animals owned by an **insured** and to which this insurance applies (This does not include persons using or caring for watercraft or animals in the course of **business** or without the owner's consent.)" (**Exhibit 1**, ¶ 16). The defendants are thus insureds under that policy of insurance given that prior to the accident, Michael Gould had given his consent to Edward Silveira and Douglas Cummins to use and operate the boat upon which Melissa Macomber was injured, and never revoked that consent. (**Exhibit 1**, ¶ 9, 10). In his Answer to this action, the Defendant, Edward Silveira, denied the Plaintiff's contribution claims on the basis, *inter alia*, that an insurer is barred by law from seeking contribution from its own insured. See Peterson v. Silva, 428 Mass. 751; 704 N.E. 2d 1163 (1999). Mr. Silveira also asserted counterclaims against Plaintiff related to its refusal to honor its contractual obligations in the policy to defend and cover the contribution claims in the present case. (**Exhibit 1**).

The Plaintiff's Request for Production of Documents that is presently in issue contained only one request as follows:

**REQUEST NO. 1**: All policies of insurance that were in effect on August 4, 2001 which:

    (a)    Listed Edward Silveira as a named insured;

    (b)    Listed any business entity in which Edward Silveira has an ownership interest as a named insured;

    (c)    Otherwise provided insurance coverage of any kind and for any reason to Edward Silveira and/or any business entity in which he had an ownership interest.

Defendant, Edward Silveira, responded to the Plaintiff's request as follows:

**RESPONSE NO.1:** Defendant objects to providing any insurance agreement other than those designated in Fed. R. Civ. P. 26 (a)(1)(D). To the extent this request seeks insurance agreements beyond those designated in that rule, it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant has no insurance agreements as described in Fed. R. Civ. P. 26 (a)(1)(D) that were in effect on August 4, 2001.

    **II.**    **Argument**

In his initial response to Plaintiff's Request, Edward Silveira objected to providing any insurance policy beyond the scope of Fed. R. Civ. P. 26(a)(1)(D), which provides for the initial disclosure of:

3

> … any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

*Id.* Any insurance policy beyond those designated by Fed. R. Civ. P. 26(a)(1)(D) is not relevant or related to the issues presented by this case in that it would not provide any liability coverage for the August 4, 2001 incident. Thus, to the extent the Plaintiff's Request seeks policies beyond those designated by Fed. R. Civ. P. 26(a)(1)(D), the Request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

In his initial response to Plaintiff's Request for Production of Documents, Edward Silveira indicated that he had no insurance policies as described by Fed. R. Civ. P. 26(a)(1)(D). At the time of his response, Mr. Silveira was not aware of the possibility of coverage under a homeowner's policy issued by Providence Mutual Fire Insurance Company to his mother, Rose Rodrigues. The Providence Mutual policy is a homeowner's policy which lists Rose Rodrigues as the only named insured but defines "insured" as "You and residents of your household who are your relatives." Coverage may exist under the Providence Mutual policy, because at the time of the subject incident, the Defendant was living in half of his mother's duplex home. When the Providence Mutual policy was discovered subsequent to Defendant's initial response to the Plaintiff's Request for Production of Documents, a request for defense and coverage of the claim in the present case was made under Providence Mutual policy. Defendant had been awaiting Providence Mutual's response to that request before supplementing his response to the Plaintiff's Request for Production of Documents, as a denial of defense and coverage by Providence Mutual would potentially exclude its policy from the scope of Plaintiff's request for policies which "provided insurance coverage . . . to Edward Silveira." To date, Providence Mutual has still not responded to Defendant's request for defense and coverage.

Given that Providence Mutual has not extended defense and coverage to Defendant, its policy is not one that presently Defendant can rely on to satisfy any judgment that could theoretically be rendered against him in this case.  Thus, it is not a policy that need be produced under Fed. R. Civ. P. 26(a)(1)(D). For this reason, Defendant's original response to Plaintiff's Request for Production of Documents was and remains valid.  Nevertheless, despite having no defense and coverage extended to him under the Providence Mutual policy, the Defendant has now provided the Plaintiff with a Supplemental Response to the Request for Production of Documents, attaching a copy of the Providence Mutual policy.  A copy of the Defendant's Supplemental Response to Plaintiff's First Request for Production of Documents is attached as **Exhibit 2**.  This is the only policy Defendant is aware of which may provide him with any liability coverage in connection with the subject incident.

To the extent that Plaintiff seeks to compel the Defendant to produce insurance policies which list Defendant or any business entity in which he has an ownership interest as a named insured, Defendant's counsel has repeatedly informed Plaintiff's counsel that no such policies exist.  There simply was no policy of insurance in effect on August 4, 2001 that either named Defendant or any business entity of his as an insured or in any way provided insurance coverage to any business entity in which the Defendant had an ownership interest.  These additional documents requested simply do not exist.  As such, the Defendant cannot produce any further documentation in response to the Plaintiff's Request for Production of Documents.

### III.    Conclusion

The Defendant's initial response to the Plaintiff's Request for Production of Documents remains accurate and valid.  Other than the Plaintiff's own policy, the Defendant possesses no policy of insurance he can currently rely upon to satisfy any judgment entered against him in this

case. Therefore, the Plaintiff's Motion to Compel Edward Silveira to Produce Insurance Policies should be denied.

                    Defendant,
                    Edward Silveira,
                    By his attorneys

                    s/ Dennis T. Grieco II
                    _____
                    Dennis T. Grieco II
                    BBO#: 566676
                    GIDLEY, SARLI & MARUSAK, LLP
                    One Turks Head Place, Ste. 900
                    Providence, RI  02903
                    Tel: (401) 274-6644
                    Fax: (401) 3319304

## **CERTIFICATION**

W. Paul Needham, Esq.
W. Paul Needham. P.C.
10 Liberty Square
Boston, MA 02109

D. Michael Arter, Esq.
Law Offices Thomas M. Niarchos
100 Summer Street, Ste. 201
Boston, MA 02110

    I hereby certify that on the 18 day of August, 2004 I mailed a true copy of the within to counsel of record, as above.

                              s/Cidalia Mendes Lucci
                              _____