UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

HINGHAM MUTAL FIRE
INSURANCE COMPANY, a/s/o
MICHAEL GOULD,
        Plaintiffs                        CIVIL ACTION NO.:   03-12391-WGY
v.

DOUGLAS CUMMINS and
EDWARD SILVEIRA,
        Defendants

**DEFENDANT, EDWARD SILVEIRA'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

       The Defendant, Edward Silveira (hereinafter "the Defendant" or "Silveira"), moves for an Order of this Court compelling the Plaintiff to provide more responsive answers to interrogatories as set forth below within ten (10) days.

**I.    BACKGROUND**

       Through this subrogation action, the Plaintiff seeks pro-rata contribution from Co-Defendants Douglas Cummins and Edward Silveira, for amounts expended in settling an underlying claim against its insured, Michael Gould. (See Complaint, attached as **Exhibit 1**). The underlying case involved the injury of Melissa Macomber, who was a passenger on the boat of Plaintiff's insured, Michael Gould, at the time of the accident. *Id.* The injury occurred on August 4, 2001 while Co-Defendants Douglas Cummins and Edward Silveira were using the boat. *Id.* The injury to Melissa Macomber occurred when the towing mechanism on the back of the boat dislodged and struck Melissa Macomber in the jaw. *Id.* Prior to the accident, Defendant, Edward Silveira, was given unconditional permission to use the boat by the boat's owner, Michael Gould. *Id* Plaintiff now contends that Michael Gould would have withdrawn his consent had he been aware of subsequent circumstances, such that the Defendants were using the boat without his consent at the time of the accident. (See Letter from P. Needham, dated February 24, 2004, attached as **Exhibit 2**). In its complaint, Plaintiff contends that the Co-Defendants are joint tortfeasors of its insured, Michael Gould. (See **Exhibit 1**). Plaintiff further contends that it paid out a total of

$290,000.00 in settlement of Melissa Macomber's injuries. *Id.* Through this action the Plaintiff seeks contribution in the amount of $96,666.66 from each Co-Defendant, representing 1/3 of the total settlement, or the Defendant's pro rata share. *Id.*

In response to Plaintiff's Complaint, Defendant, Edward Silveira presented the following affirmative defenses: that any amount the Plaintiff is entitled to recover is due to the liability of a third party for whom this Defendant is not responsible for; res judicata or collateral estoppel; the Plaintiff's claims are barred or reduced by the comparative negligence of Melissa Macomber or Michael Gould; that the claims for contributions are barred pursuant to Mass. Gen. Laws ch. 231 B § 1; that the injuries and damages for which Plaintiff seeks contribution were caused by the actions and conduct of others for whom this Defendant has no responsibility; that while this Defendant denies being negligent, any negligence found on his part was not the proximate cause of the injuries sustained by Melissa Macomber. (See Answer, attached as **Exhibit 3**). In addition, the Defendant has asserted counterclaims seeking damages for abuse of process and bad faith pursuant to Mass. Gen. Laws ch. 93A and Mass. Gen. Laws ch. 176D as well as, breach of contract and duty to defend. (See Amended Answer, attached as **Exhibit 4**).

Until recently, it was somewhat unclear what bases the Plaintiff had for defending against the Chapter 93A and 176D claims. In order to determine the bases for its defense, Defendant initially noticed the Rule 30(b)(6) deposition of the Plaintiff in May of 2004. That deposition was continued three times at the request of the Plaintiff. It was not until August 5, 2004, that the 30(b)(6) deponents were produced for deposition. The Plaintiff designated two 30(b)(6) deponents; to date, only one 30(b)(6) designee, Mark Wilkin, has been deposed. In reference to the 93A claims, Mr. Wilkin testified that, at least in part, the Plaintiff was relying on the advice of counsel in defending against those claims. (See Deposition of Mark Wilkin, pg. 193, attached as **Exhibit 5**). Given the delay in the taking of the 30(b)(6) depositions, and Mr. Wilkin's admission that the Plaintiff was relying on the advice of counsel in defending against the 93A claims, the Defendant now moves to compel more responsive answers to his interrogatories.

**II.     ARGUMENT**

In answer to Defendant's Interrogatory Numbers 11, 13, 15, and 16, Plaintiff asserts objections on the basis of attorney-client privilege.  It is the Defendant's contention that the attorney-client privilege was waived pursuant to the testimony of 30(b)(6) Deponent, Mark Wilkin, and the voluntary disclosure of certain attorney-client documents by Plaintiff's counsel.  In his deposition, Mr. Wilkin clearly testified that the Plaintiff's basis, at least in part, for defending against the Chapter 93A claims was its reliance on the advice of counsel.  (See Deposition of Mark Wilkin, pg. 193, attached as **Exhibit 5**).  Where a party relies on advice of counsel as a defense to a claim, the party waives the attorney-client privilege with respect to "all communications to and from counsel concerning the transaction to which counsel's advice was sought."  Saint-Gobain/Norton Industrial Ceramics Corp. v. General Electric Co., 884 F.Supp. 31, 33 (D. Mass. 1995) (*quoting* Kelsey-Hayes Co. v. Motor Wheel Corp., 155 F.R.D. 170, 171-72 (W.D. Mich. 1991).  The rationale behind the waiver of the attorney-client privilege is that it would be fundamentally unfair to allow a party disclose only favorable opinions and conceal those which are adverse.  Saint-Gobain/Norton Industrial Ceramics Corp., 884 F.Supp. at 33.  The 'reliance on defense of counsel' waiver of the attorney-client privilege has been interpreted to be a waiver of all communications on the same subject matter.  Micron Separations, Inc. v. Pall Corp., 159 F.R.D. 361, 363 (D.Mass 1995) (*citing* W.L. Gore & Assoc v. Tetratec Corp., 15 U.S.P.Q.2d 1048, 1051 (E.D. Pa. 1989)).  Thus, by relying on advice of counsel in defending the 93A claims brought by Silveira, the Plaintiff has waived the attorney-client privilege with respect to all communications relating to the 93A claims brought by the Defendants.

Additionally, the Plaintiff has waived the attorney-client privilege by knowingly disclosing attorney-client communications.  Specifically, at Mark Wilkin's deposition, the Plaintiff voluntarily produced correspondence between the Plaintiff, Hingham Mutual, and Plaintiff's counsel, Paul Needham, regarding the 93A claims asserted by Melissa Macomber for Hingham's delay in payment of the judgment.  (See Letters dated December 17, 2002, January 29, 2003, and April 3, 2003, attached as **Exhibit 6**).  These letters were clearly written in Mr. Needham's capacity as counsel for Hingham

Mutual. Additionally, the letters were written after judgment was rendered in the underlying action brought by Melissa Macomber against Hingham Mutual's insured, Michael Gould. Voluntary disclosure of privileged communications to an outside party constitutes a waiver of the attorney-client privilege. Colonial Gas Co. v. Aetna Casualty & Surety Co., 144 F.R.D. 600, 604 (D. Mass. 1992). Even where the disclosure of privileged information is inadvertent, the attorney-client privilege is waived as to communications on the same subject. In re Lernout & Hauspie Securities Litigation, 222 F.R.D. 29, 34-35 (D.Mass. 2004.)

It is Edward Silveira's position that he is an insured under the Hingham policy, and as such, he has asserted 93A claims against the Plaintiff for its failure to provide not only insurance coverage, but also a defense to the claims brought against him. Although the Plaintiff voluntarily disclosed certain privileged documents, it continues to withhold the Plaintiff's insurance adjusters notes based on the attorney-client privilege. Such notes are relevant to the 93A claims asserted by the Defendants, as well as the underlying issues of coverage and defense which triggered the 93A bad faith claims. The Plaintiff's voluntarily disclosure of attorney-client privileged documents pertaining to 93A claims against the Plaintiff acts as a waiver of all other privileged documents on the same topic. As such, the Plaintiff's objections to Interrogatories 11, 13, 15 and 16 based on the attorney-client privilege should be stricken and Plaintiff should be compelled to completely answer the interrogatory.

The additional Interrogatories for which the Defendant seeks a more responsive answer are as follows:

**INTERROGATORY NO. 2**: Identify all persons with knowledge concerning or related to the August 4, 2001 accident involving Melissa Macomber, the claims Melissa Macomber asserted against Michael Gould as a result of that accident and the claims asserted by Hingham in the present action, identifying for each their relationship to a party in the present action and the substance of their expected knowledge.

**ANSWER NO. 2:** Michael Gould (plaintiff's subrogor), Edward Silveira, Douglas Cummins, and Melissa Macomber (plaintiff in the underlying case). Deposition and trial testimony from all these individuals has been provided to the defendant, Edward Silveira.

**INFORMATION SOUGHT:** The Defendant seeks a complete response to this interrogatory. Pursuant to Fed. R. Civ. P. 26(b)(1), the Defendant may obtain discovery of the identity and location of

people with knowledge of discoverable matter. *Id. (See also* <u>Commonwealth of Massachusetts v. First National Supermarkets, Inc.</u>, 112 F.R.D. 149, 152 (D.Mass. 1986) (commenting that pursuant to Fed. R. Civ. P. 26(b)(1), "It is clear that the Plaintiff is entitled to discover the '… identity and location of persons having knowledge of any discoverable matter….'")  This interrogatory seeks information pertaining to the identity of persons with knowledge of the August 4, 2001 accident and/or Melissa Macomber's claims against Michael Gould, as well as, the identity of persons with knowledge of the claims asserted by the Plaintiff in the present action.  Although, the Plaintiff's answer appears to provide the identity some of the individuals with knowledge of the August 4, 2001 accident, it fails to identify those individuals with knowledge of the claims asserted by Hingham in the present action.  Fed. R. Civ. P. 26(b)(1) specifically provides for the discovery of the "identity and location of persons having knowledge of any discoverable matter…" and as such, the Plaintiff should be compelled to provide the information requested by this interrogatory.

**INTERROGATORY NO. 3:** Describe in detail the circumstances surrounding Melissa Macomber's August 4, 2001 accident and identify all persons you concede or contend were in any way responsible for that accident and state the basis for any such contention.

**ANSWER NO. 3**: A jury has concluded that Michael Gould was negligent in conjunction with Melissa Macomber's accident. The plaintiff, Hingham Mutual, contends that Douglas Cummins and Edward Silveira were also negligent. The basis for that contention and descriptions of the events of August 4, 2001 were set forth in the following: (1) the trial and deposition testimony described in Answer No. 2; (2) the July 22, 2003 demand letters from plaintiff's counsel to defendants Douglas Cummins and Edward Silveira, which are attached hereto as Exhibit A; (3) the complaint in this case; and (4) the February 24, 2004 response letters that plaintiff's counsel sent to Attorneys Arter and Grieco, which are attached hereto as Exhibit B.

**INFORMATION SOUGHT:**  The Defendant seeks a complete response to the interrogatory as posed.  The rules of discovery exist "to avoid surprise and the possible miscarriage of justice, to disclose fully the nature and scope of the controversy, to narrow, simplify and frame the issues involved, and to enable a party to obtain the information needed to prepare for trial."  8 Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2001 at 44-45, (1994).  This interrogatory is designed to apprise the Defendant of the Plaintiff's version of the facts surrounding the August 4, 2001 accident, and also, the basis for Plaintiff's contentions that any persons, other than Michael Gould, were negligent.  The current

answer provided by the Plaintiff is unresponsive to the interrogatory as posed. Although Fed. R. Civil P. 33(d) allows a party, in certain circumstances, to respond to interrogatories by reference to its business records, the Plaintiff has not properly invoked this option. First and foremost, the documents or things referenced in the Plaintiff's answer to this interrogatory are not business records, rather the records include legal pleadings, testimony, and communications to or from counsel. Additionally, in order to invoke the Rule 33(d) option, there must be a burden to the Plaintiff in answering the interrogatory in the traditional way. Sabel v. Mead Johnson & Co., 110 F.R.D. 553, 556 (D. Mass. 1986). In this case, there is no burden to the Plaintiff in answering this interrogatory; the Plaintiff will have to review the details of the August 4, 2001 accident in preparation for trial, and at trial, in order to establish that the Defendants were joint tortfeasors as it contends. Thus, compelling the Plaintiff to provide the basis for its contention that the Defendants were negligent in connection with the August 4, 2001 accident and describing the facts surrounding that accident poses no additional burden to the Plaintiff beyond mere preparation of its case. As such, the Plaintiff should be compelled to provide a complete response to this interrogatory as posed.

**INTERROGATORY NO. 4:** Separately state the basis for Hingham Mutual's claims that it is entitled to contribution from Edward Silveira and Douglas Cummins.

**ANSWER NO. 4**: The basis for Hingham Mutual's claims for contribution against Douglas Cummins and Edward Silveira is set out in detail in the following: (1) the trial and deposition testimony described in Answer No. 2; (2) the July 22, 2003 demand letters from plaintiff's counsel to defendants Douglas Cummins and Edward Silveira, which are attached hereto as Exhibit A; (3) the complaint in this case; and (4) the February 24, 2004 response letters that plaintiff's counsel sent to Attorneys Arter and Grieco, which are attached hereto as Exhibit B.

**INFORMATION SOUGHT:** The Defendant seeks a complete response to this interrogatory. The Plaintiff's complaint asserts claims for contribution against Edward Silveira and Douglas Cummins. Fed. R. Civ. P. 26(b)(1) permits the discovery of any matter "whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Id. This interrogatory is designed to apprise the Defendant of the facts that substantiate the Plaintiff's claims for contribution. The purpose of discovery is "to avoid surprise and the possible miscarriage of justice, to disclose fully the nature and scope of the controversy, to narrow, simplify and frame the issues involved, and to enable a

party to obtain the information needed to prepare for trial." 8 Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2001 at 44-45, (1994). Thus, Defendant is entitled to discover the basis of the claims brought against himself and Co-Defendant, Douglas Cummins, in order to properly prepare his defense.

To the extent the Plaintiff makes reference to legal pleadings, testimony, and correspondence between counsel, those references are not an appropriate response to the interrogatory as posed. Although Fed. R. Civ. P. 33(d) allows, in limited circumstances, a party to answer an interrogatory by specific reference to its business records, the Plaintiff has not properly invoked the business record option here. First and foremost, the documents referenced by the Plaintiff in response to this interrogatory are not business records and thus, not a proper response under Fed. R. Civ. P. 33(d). Further, in order to invoke the business records option, there must be a burden on the interrogated party if it were required to answer the interrogatories in the traditional manner. Sabel v. Mead Johnson & Co., 110 F.R.D. 553, 556 (D. Mass. 1986). There simply is no burden to the Plaintiff in answering the interrogatory in the traditional manner. The Plaintiff initiated the claims for contribution and pursuant to Fed. R. Civ. P. 26(b)(1), the Defendant is entitled to discover the Plaintiff's basis for those claims. As such, the Plaintiff should be compelled to fully set forth the basis for its claims of contribution against each defendant.

**INTERROGATORY NO. 10:** Identify each person with knowledge of the application for, underwriting of, or the issuance or cancellation of any policy of insurance issued by Hingham Mutual to Michael Gould, including but not limited to Policy No. H09722161.

**ANSWER NO. 10**: The plaintiff objects to this interrogatory because it is not reasonably calculated to lead to admissible evidence.

**INFORMATION SOUGHT:** The Defendant seeks a complete answer to the interrogatory as posed. This interrogatory is designed to apprise the Defendant of the identity of potential fact witnesses with knowledge of the application for, underwriting of, issuance or cancellation of any policy of insurance issued by Hingham Mutual by Michael Gould. Fed. R. Civ. P. 26(b)(1) specifically provides for the discovery of the identity of persons with knowledge of discoverable matter. Id. A discovery request is relevant "if there is any possibility that the information sought may be relevant to the subject

7

matter of the action.  Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977).

The information requested is relevant due to the Plaintiff's contention that the Defendants are not covered by this policy in that Plaintiff's insured, Michael Gould, constructively withdrew his consent to Defendants use of the boat.  As a result of this contention, the Defendant is entitled to discover information pertaining to policies issued to Michael Gould and persons with knowledge of those policies, to the extent the information pertains to consent by the insured and how consent is interpreted.  Further, the Defendant is entitled to discover how consent provisions and interpretations of those provisions have changed amongst the various policies issued to Michael Gould.  The interrogatory is reasonably calculated to lead to the discovery of admissible evidence and is designed to provide the Defendant with the information needed to prepare for trial.  Therefore, the Plaintiff should be compelled to provide a more responsive answer to this interrogatory without the stated objection.

**INTERROGATORY NO. 11:** Identify all communications and/or documents concerning and/or related to the claims asserted by Melissa Macomber against Michael Gould as a result of her August 4, 2001 accident and/or all claims asserted in the present action.

**ANSWER NO. 11**:

**OBJECTION:** The plaintiff objects to this interrogatory because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to identify the content of documents covered by the work product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence.

**INFORMATION SOUGHT:**  The Defendant seeks a complete answer to this interrogatory. The Plaintiff objects to the interrogatory on three separate grounds, none of which are proper objections to the question.  First, the Plaintiff objects to the interrogatory because it seeks the contents of documents allegedly covered by the attorney-client privilege and work product document.  This objection is inappropriately asserted; the interrogatory seeks only the identity of documents related to the action by Melissa Macomber, not the contents of any such documents.  As such, the objection is not applicable to this interrogatory as posed and should be stricken.

The Plaintiff's objection that the interrogatory is excessively broad, burdensome and oppressive is also inappropriately asserted. The objecting party bears the burden of showing that the information sought is not readily available to it. Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2174 at 310. Fed. R. Civ. P. 33(b)(4) requires that grounds for objections to interrogatories be stated with specificity. *Id.* In this instance, the Plaintiff has failed to specifically state why the interrogatory is burdensome and oppressive as required by Fed. R. Civ. P. 33(b)(4). As such, the objections of burden and oppression are inappropriately asserted and should be stricken.

Additionally, the Plaintiff objects that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. A discovery request is relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action." Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977). The information requested is relevant to the subject matter of this action in that it seeks information about communications or documents concerning the underlying action by Melissa Macomber against Michael Gould and/or the present action by Hingham Mutual as subrogee of Michael Gould.

Finally, the Plaintiff fails to provide any response to this interrogatory beyond the stated objections. Fed. R. Civ. P. 33(b)(1) provides that the party objecting to an interrogatory shall answer the interrogatory to the extent it is not objectionable. Similarly, Local Rule 33.1(c)(2) states that no part of an interrogatory shall be left unanswered merely because an objection is given to another part of that interrogatory. The Plaintiff's current answer does not comply with the mandates of Fed. R. Civ. P. 33(b)(1) or Local Rule 33.1(c)(2). As such, the Plaintiff should be compelled to provide a more responsive answer without the stated objections or, in the alternative, a response to the extent that the stated objections do not apply.

**INTERROGATORY N0. 12:** Identify all communications and/or documents concerning or related to the application for underwriting of, issuance to or cancellation of any and all polices of insurance issued by Hingham Mutual to Michael Gould, including but not limited to Policy No. H09722161.

**ANSWER NO. 12**:

**OBJECTION:** The plaintiff objects to this interrogatory because it is not reasonably calculated to lead to the admissible evidence.

**INFORMATION SOUGHT:** The Defendant seeks a complete answer to the interrogatory as posed. This interrogatory is designed to apprise the Defendant of communications or documents pertaining to any policy of insurance issued by the Plaintiff to Michael Gould. A discovery request is relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action." Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977).

In this case, the Plaintiff contends that the Defendants are not covered by the policy of insurance issued to Michael Gould that was in effect at the time of the accident. This assertion is based on the alleged constructive withdrawal of consent by Michael Gould. The information requested by this interrogatory is relevant to the issue of consent and how consent was interpreted under Michael Gould's policies. In addition, Michael Gould's policy of insurance was cancelled subsequent to the August 4, 2001 accident. The information requested by this interrogatory seeks information relevant to that cancellation, including whether the policy was cancelled due to Michael Gould's providing unconditional consent to the Defendants' use of his boat.

**INTERROGATORY N0. 13:** Describe in detail the circumstances surrounding when Hingham Mutual first learned of or considered any contention or suggestion that either Edward Silveira or Douglas Cummins were insureds under Hingham Mutual's Policy No. H09722161, and all actions taken by Hingham Mutual through its employees, agents, representatives or attorneys as a result of learning of that suggestion and/or contention, identifying all persons with knowledge of such suggestion and/or contention and the actions taken as a result thereof and identifying all communications and/or documents concerning or related to those issues.

**ANSWER NO. 13**:

**OBJECTION**: The plaintiff objects to this interrogatory to the extent that it asks the plaintiff to identify communications related to coverage because all such communication are covered by the work product doctrine and/or attorney-client privilege. Without waiving its objection, the plaintiff states:

The first contention that Douglas Cummins or Edward Silveira was an insured under a Hingham Mutual policy was made by their counsel in September or October of 2003. Hingham Mutual has amended its Complaint to request that the court declare whether they were insureds.

10

**INFORMATION SOUGHT:** The Defendant seeks a more responsive answer to the interrogatory as posed. The information requested is relevant to the counterclaims asserted by the Defendants in this case. As previously discussed in this motion, it is Defendant's contention that Plaintiff has waived the attorney-client privilege with respect to all information relating to the 93A claims and Plaintiff's coverage and defense decisions which gave rise to the 93A claims. To the extent the Court finds that the Plaintiff has not waived the attorney-client privilege, the Plaintiff should be compelled to provide the Defendant with any communications that it intends to use at trial. While the attorney-client privilege is designed to protect confidential communications between the attorney and his client, the privilege applies only to the extent necessary to achieve its goal of ensuring effective representation through communication. In re Grand Jury Subpoena (Custodian of Records, Newparent, Inc.), 274 F.3d 563, 571 (1st Cir. 2001). To the extent the confidential communications are disclosed to third persons or used at trial, the attorney-client privilege is waived. In re Grand Jury Subpoena (Zerendow), 925 F.Supp. 849, 855 (D. Mass. 1995). "Only those communications that the privilege holder himself is prepared to keep confidential are protected by the attorney-client privilege." United States v. Rakes, 136 F.3d 1, 5 (1st Cir. 1998). Therefore, to the extent Plaintiff intends to utilize any of the protected communications at trial, the attorney-client privilege does not apply.

The work product doctrine is not an absolute privilege preventing discovery; rather, the work-product privilege may be waived. United States v. Massachusetts Institute of Technology, 129 F.3d 681, 687 (1st Cir. 1997). Disclosure of allegedly privileged material in a manner inconsistent with protecting the material from an adversary constitutes a waiver of the work product privilege. Id. Based on this accepted principle, the work-produce privilege should not work to protect the discovery of documents or writings that Plaintiff intends to use at trial. Thus, to the extent that Plaintiff intends to utilize any of the purportedly protected documents at trial, the work produce privilege does not apply and the information should be disclosed.

**INTERROGATORY NO. 14:** Identify all communications between Michael Gould and any other person concerning the use and/or maintenance or repair of his boat on August 4, 2001.

11

**ANSWER NO. 14**: The oral communications between Michael Gould and other persons concerning the use and/or maintenance or repair of his boat on August 4, 2001 are described in the trial and deposition transcripts from the underlying case, which have already been provided to defendant Edward Silveira. Michael Gould is not a party to this case.

**INFORMATION SOUGHT:** The Plaintiff has failed to provide an appropriate response to this interrogatory. Although Fed. R. Civ. P. 33(d) allows, in limited circumstances, a party to answer an interrogatory by specific reference to its business records, the Plaintiff has not properly invoked the business record option here. First and foremost, the documents referenced by the Plaintiff in response to this interrogatory are not business records and thus, not a proper response under Fed. R. Civ. P. 33(d). Further, in order to invoke the business records option, there must be a burden on the interrogated party if it were required to answer the interrogatories in the traditional manner. Sabel v. Mead Johnson & Co., 110 F.R.D. 553, 556 (D. Mass. 1986). The objecting party bears the obligation of showing that the information requested is not readily available to it. Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2174 at 310. The Plaintiff has failed to specify the nature of any burden it will suffer in answering this interrogatory by traditional means. Therefore, the response provided is insufficient and the Plaintiff should be compelled to provide a more responsive answer.

In this action, the Plaintiff contends that its insured, Michael Gould, constructively withdrew his consent to Defendant's use of the boat. The information requested is relevant to the nature of the consent given by Michael Gould to the Defendants. A discovery request is relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action. Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977). Additionally, where an insurer brings suit as assignee or subrogee of an insured's claim, the insurer can be required to answer interrogatories by requesting information known to the insured. See 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil Second § 2171 at 276 (1994). Therefore, the fact that Michael Gould is not a party to this action does not prevent the Plaintiff from answering this interrogatory with information supplied by him. For the foregoing reasons, the Plaintiff should be compelled to provide a more responsive answer.

**INTERROGATORY NO. 15:** Identify all communications between and among any of the present parties, Michael Gould and/or Melissa Macomber, including their employees, agents, representatives and attorneys.

**ANSWER NO. 15:**

**OBJECTION:** The plaintiff objects to this interrogatory because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to identify the content of documents covered by the work product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:

Neither Melissa Macomber nor Michael Gould is a party to this action. Trial and deposition transcripts from the underlying case have been provided to defendant Edward Silveira.

**INFORMATION SOUGHT:** The Defendant seeks a complete answer to the interrogatory as posed. The Plaintiff objects to this interrogatory on three separate grounds, none of which are proper objections to the question. First, the Plaintiff objects to the interrogatory because it seeks the contents of documents allegedly covered by the attorney-client privilege and work product doctrine. These objections are inappropriately asserted; the interrogatory seeks only the identity of documents related to the action by Melissa Macomber, not the contents of any such documents. As such, the objection is not applicable to this objection as posed and should be stricken.

The Plaintiff's objection that the interrogatory is excessively broad, burdensome and oppressive is also inappropriately asserted. The objecting party bears the burden of showing that the information sought is not readily available to it. Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2174 at 310. Fed. R. Civ. P. 33(b)(4) requires that grounds for objections to interrogatories be stated with specificity. *Id.* In this instance, the Plaintiff has failed to specifically state why the interrogatory is burdensome and oppressive as required by Fed. R. Civ. P. 33(b)(4). As such, the objections of burden and oppression are inappropriately asserted and should be stricken.

The Plaintiff further objects that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. A discovery request is relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action. Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977). The Plaintiff contends that its insured, Michael Gould, constructively withdrew his consent to the

13

Defendants use of the boat and also, that the Defendants were negligent in the use of the boat. As such, the information requested is relevant to issues of consent and negligence and should be disclosed. Additionally, to the extent the information requested is known by its insured Michael Gould, the Plaintiff must answer this interrogatory with information available to him as well. Where an insurer brings suit as assignee or subrogee of an insured's claim, the insurer can be required to answer interrogatories by requesting information known to the insured. See Wright, Miller & Marcus, Federal Practice and Procedure: Civil Second § 2171 at 276 (1994).

**INTERROGATORY NO. 16**: Please identify any and all practices, policies, rules, customs, protocols, whether reduced to writing or not, of Hingham Mutual concerning or related to: the application for, the issuance of, underwriting of, or cancellation of Hingham Mutual's policies of insurance similar to policy number H09722161; the handling and/or defense of claims such as those asserted by Melissa Macomber against Michael Gould; the handling and/or defense of contribution claims against Hingham Mutual's insureds; the handling and/or prosecution of subrogation or contribution claims by Hingham Mutual; the denial of coverage and/or the reservation of rights to deny coverage by Hingham Mutual; and the decision and notification of the provision of a defense to Hingham Mutual insureds or the refusal to provide such defense.

**ANSWER NO. 16**:

**OBJECTION**: The plaintiff objects to this interrogatory because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to identify the content of documents covered by the work product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:

There are no written policies concerning the defense of the underlying case or the bringing of subrogation claims for contribution. Defense cases are promptly investigated and properly defended. Subrogation actions for contribution are brought when appropriate. When, as in this case, there is a dispute as to coverage, an appropriate claim for a declaratory action is made.

**INFORMATION SOUGHT:** The Defendant seeks a complete answer to the interrogatory as posed. The Plaintiff objects to this interrogatory on three separate grounds, none of which are proper objections to the question. First, the Plaintiff objects to the interrogatory because it seeks the contents of documents allegedly covered by the attorney-client privilege and work product document. This objection is inappropriately asserted; the interrogatory seeks only the identity of documents related to the action by Melissa Macomber, not the contents of any such documents. As such, the objection is not applicable to this objection as posed and should be stricken.

The Plaintiff's objection that the interrogatory is excessively broad, burdensome and oppressive is also inappropriately asserted. The objecting party bears the burden of showing that the information sought is not readily available to it. Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2174 at 310. Fed. R. Civ. P. 33(b)(4) requires that grounds for objections to interrogatories be stated with specificity. *Id.* In this instance, the Plaintiff has failed to specifically state why the interrogatory is burdensome and oppressive as required by Fed. R. Civ. P. 33(b)(4). As such, the objections of burden and oppression are inappropriately asserted and should be stricken.

The Plaintiff further objects that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. A discovery request is relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action. Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977). This interrogatory seeks information pertaining to the issuance of, application for, or cancellation of a Hingham Mutual insurance policy. In this case, Michael Gould's policy was cancelled subsequent to the August 4, 2001 accident. The information requested is relevant to why the policy was cancelled and the bearing that may have on the Defendant's case. Further, the information is relevant to determine how claims are handled on behalf of Plaintiff's insured and how they determine who is an insured under the policy. Further, the interrogatory is relevant to the refusal to defend the Defendants in this action and the declaratory judgment action filed by the Plaintiff to determine whether they have a duty to defend in this case. As such, the information requested is reasonably calculated to lead to the discovery of admissible evidence and the Plaintiff should be compelled to provide a complete response. As such, the Plaintiff should be compelled to provide a complete response to the interrogatory as posed.

**WHEREFORE**, Defendant requests an order be entered requiring Paintiff to fully respond to his Interrogatories within 10 days of the date of order.

## LOCAL RULE 37.1 CERTIFICATION

      In compliance with Local Rule 37.1, counsel for Silveira wrote to counsel for Hingham prior to the filing of this motion, requesting that Hingham agree to strike its serial objections to Silveira's discovery requests in light of the facts that Hingham responded to those requests by either providing information or indicating that it had no responsive information and because those objections were nevertheless waived due to their untimely assertion.  Hingham made no response.  Counsel for Silveira also discussed Hingham's waiver of the attorney client privilege with counsel for Hingham at the Rule 30(b)(6) deposition of Hingham on August 5, 2004 and requested Hingham divulge information being withheld based upon that privelege.  Hingham refused.

                      Defendant,
                      Edward Silveira,
                      By his attorneys


                      s/ Dennis T. Grieco II
                      _____
                      Dennis T. Grieco II, BBO#: 566676
                      GIDLEY, SARLI & MARUSAK, LLP
                      One Turks Head Place, Ste. 900
                      Providence, RI  02903
                      Tel: (401) 274-6644
                      Fax: (401) 3319304


## CERTIFICATION

W. Paul Needham, Esq.
W. Paul Needham. P.C.
10 Liberty Square
Boston, MA 02109

D. Michael Arter, Esq.
Law Offices of Brian M. Cullen
100 Summer Street, Ste. 201
Boston, MA 02110

I hereby certify that on the 1st day of _____, 2004, I mailed a true copy of the within to counsel of record, as above.

S/ Cidalia Mendes Lucci
_____

17