UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

HINGHAM MUTUAL FIRE
INSURANCE COMPANY,
a/s/o MICHAEL GOULD,
    Plaintiff

                                      CIVIL ACTION NO.:  03-12391-WGY

v.

DOUGLASS CUMMINS and
EDWARD SILVEIRA,
    Defendants

### DEFENDANT, EDWARD SILVEIRA'S, MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

      The Defendant, Edward Silveira (hereinafter "the Defendant" or "Silveira"), moves for an Order of this Court compelling the Plaintiff to provide further responses to Request for Production of Documents as set forth below within ten (10) days.

## I.    <u>BACKGROUND</u>

      Through this action, the Plaintiff seeks pro-rata contribution from Co-Defendants Douglas Cummins and Edward Silveira, for amounts expended in settling an underlying claim against its insured, Michael Gould.  (See Complaint, attached as **Exhibit 1**).  The underlying case involved the injury of Melissa Macomber, who was a passenger on the boat of Plaintiff's insured, Michael Gould, at the time of the accident.  *Id.*  The injury occurred on August 4, 2001 while Co-Defendants Douglas Cummins and Edward Silveira were using the boat.  *Id.*  Defendant, Edward Silveira, was given unconditional permission to use the boat by the boat's owner, Michael Gould.  *Id.*   The Plaintiff now contends that Michael Gould would have withdrawn his consent had he been aware of subsequent circumstances, such that the Defendants were using the boat without consent at the time of the accident.  (See letter from P. Needham, dated February 24, 2004, attached hereto as **Exhibit 2**).  The injury to Melissa Macomber occurred when the towing mechanism on the back of the boat dislodged and struck Melissa Macomber in

the jaw.  (See **Exhibit 1**).  In its complaint, Plaintiff contends that the Co-Defendants are joint tortfeasors of its insured, Michael Gould.  *Id.*  Plaintiff further contends that it paid out a total of $290,000.00 in settlement of Melissa Macomber's injuries.  *Id.*  Through this action the Plaintiff seeks contribution in the amount of $96,666.66 from each Co-Defendant, representing 1/3 of the total settlement, or the Defendant's pro rata share.  *Id.*

In response to Plaintiff's Complaint, Defendant, Edward Silveira presented the following affirmative defenses: that any amount the Plaintiff is entitled to recover is due to the liability of a third party for whom this Defendant is not responsible for; res judicata or collateral estoppel; the Plaintiff's claims are barred or reduced by the comparative negligence of Melissa Macomber or Michael Gould; that the claims for contributions are barred pursuant to Mass. Gen. Laws ch. 231 B § 1; that the injuries and damages for which Plaintiff seeks contribution were caused by the actions and conduct of others for whom this Defendant has no responsibility; that while this Defendant denies being negligent, any negligent found on his part was not the proximate cause of the injuries sustained by Melissa Macomber. (See Answer, attached as **Exhibit 3**).  In addition, the Defendant has asserted counterclaims seeking damages for abuse of process and bad faith pursuant to Mass. Gen. Laws ch. 93A and Mass. Gen. Laws ch. 176D as well as, breach of contract and the duty to defend.  (See Amended Answer, attached as **Exhibit 4**).  This Defendant contends that he is an insured under the Hingham Mutual Policy No. HO9722161 and therefore is afforded coverage pursuant to that policy.  Further, the Defendant contends that, at a minimum, the Plaintiff, Hingham Mutual Fire Insurance Company has the obligation to defend him against the present claims.

Until recently, it was somewhat unclear what bases the Plaintiff had for defending against the Chapter 93A and 176D claims.  In order to determine the bases for its defense, Defendants initially noticed the Rule 30(b)(6) deposition of the Plaintiff in May of 2004.  That deposition was continued three times at the request of the Plaintiff.  It was not until August 5, 2004, that the 30(b)(6) deponents were produced for deposition.  The Plaintiff designated two 30(b)(6) deponents; to date, only one, Mark Wilkin, has been deposed.  During his deposition, Mr. Wilkin did provide some clarification as to the

bases of the Plaintiff's defense in the 93A action.  Mr. Wilkin testified that, at least in part, the Plaintiff was relying on the advice of counsel in defending against the 93A claims brought against it.  (See Deposition of Mark Wilkin, pg. 193, attached as **Exhibit 5**).  Given the delay in the taking of the 30(b)(6) depositions, and Mr. Wilkin's admission that the Plaintiff is relying on the advice of counsel in defending against the 93A claims, the Defendant now moves to compel further responses to his request for production of documents.

## II.    ARGUMENT

In responding to Edward Silveira's Request for Production of Documents, the Plaintiff provides a number of blanket objections that will be addressed as a group, rather than individually.  In response to Request numbers 1, 2, 3, 4, 5, 8, 9, 10, 11, 12 and 13, Plaintiff provides the following objections: "The Plaintiff objects to this request because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work-product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence."   In response to Request numbers 7, 14, 15, 16, 17 and 19, Plaintiff asserts a blanket objection that the Request is not reasonably calculated to lead to the discovery of admissible evidence.  Based on the following discussion, each of the above cited objections should either be stricken or the Plaintiff compelled to provide further responses to the Request.

The Defendant, Edward Silveira, seeks to strike the Plaintiff's objections that the interrogatory is burdensome and oppressive.  In objecting to a request, the objecting party bears the burden of persuasion that the documents sought are not relevant or privileged or that the request should otherwise not be answered.  In re Monahan & Co., Ltd., 18 B.R. 637, 640 (Bkrptcy. Mass. 1982).  Where the party objects that the request is overly burdensome or oppressive, the objecting party bears the burden of proving that the request is oppressive to it.  United States v. Tivian Laboratories, Inc., 589 F.2d 49, 54 (1st Cir. 1978). The Plaintiff's responses to the above cited requests include the blanket objections that the requests are burdensome and oppressive, however fails to bear its burden of proof as to why the request is oppressive. The Plaintiff bears the burden of persuasion in establishing why the requests are oppressive, and having

failed to do so, the Plaintiff's objections that the request is overly broad and oppressive should be stricken.

The Plaintiff also asserts the blanket objection that the above cited requests are not reasonably calculated to lead to the discovery of admissible evidence. In providing a response that the material requested is objectionable, the objecting party bears the burden of proving that the information sought is not relevant or the request should not be answered. In re Monahan & Co., Ltd., 18 B.R. 637, 640 (Mass. 1982). Again, the Plaintiff simply provides a blanket objection but fails to specify why the materials requested are objectionable and why the request should not be answered. Furthermore, a discovery request is relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action." Gagne v. Reddy, 104 F.R.D. 454, 456 (D.Mass. 1984) (quoting Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977). The Plaintiff has failed to make any showing as to why the materials requested are not relevant to the subject matter of this action. For the foregoing reasons, the Plaintiff's objection that the requests are not reasonably calculated to lead to the discovery of admissible evidence should be stricken.

The third blanket objection asserted by the Plaintiff to the above-cited Requests is that the materials are covered by the attorney-client privilege or work product doctrine. While the attorney-client privilege is designed to protect confidential communications between an attorney and his client, it is not an absolute privilege. In re Grand Jury Subpoena (Custodian of Records, Newparent, Inc.), 274 F.3d 563, 571 (1st Cir. 2001). The attorney-client privilege applies only to the extent necessary to achieve the goal of ensuring effective communication between the attorney and client. Id. "Only those communications that the privilege holder himself is prepared to keep confidential are protected by the attorney-client privilege." United States v. Rakes, 136 F.3d 1, 5 (1st Cir. 1998). Thus, to the extent the confidential communications are disclosed to third persons or used at trial, the attorney-client privilege is waived. In re Grand Jury Subpoena (Zerendow), 925 F.Supp. 849, 855 (D. Mass. 1995). Based on the foregoing reasoning, to the extent that Plaintiff intends to utilize any of the confidential communications at trial, the attorney-client privilege does not apply.

Furthermore, Plaintiff waived the attorney-client privilege during the deposition of 30(b)(6) Deponent, Mark Wilkin, and the voluntary disclosure of certain attorney-client documents by Plaintiff's counsel. At his deposition, Mr. Wilkin clearly testified that the Plaintiff's basis, at least in part, for defending against the Chapter 93A claims was its reliance on the advice of counsel. (See Deposition of Mark Wilkin, pg. 193, attached as **Exhibit 5**). Where a party relies on advice of counsel as a defense to a claim, the party waives the attorney-client privilege with respect to "all communications to and from counsel concerning the transaction to which counsel's advice was sought." Saint-Gobain/Norton Industrial Ceramics Corp. v. General Electric Co., 884 F.Supp. 31, 33 (D. Mass. 1995) (*quoting* Kelsey-Hayes Co. v. Motor Wheel Corp., 155 F.R.D. 170, 171-72 (W.D. Mich. 1991). The rationale behind the waiver of the attorney-client privilege is that it would be fundamentally unfair to allow a party disclose only favorable opinions and conceal those which are adverse. Saint-Gobain/Norton Industrial Ceramics Corp., 884 F.Supp. at 33. The 'reliance on defense of counsel' waiver of the attorney-client privilege has been interpreted to be a waiver of all communications on the same subject matter. Micron Separations, Inc. v. Pall Corp., 159 F.R.D. 361, 363 (D.Mass 1995) (*citing* W.L. Gore & Assoc v. Tetratec Corp., 15 U.S.P.Q.2d 1048, 1051 (E.D. Pa. 1989)). Thus, by relying on advice of counsel in defending the 93A claims brought by Silveira, the Plaintiff has waived the attorney-client privilege with respect to all communications relating to the 93A claims. Because the 93A claims are based on the Plaintiff's failure to defend or provide coverage to Silveira, the attorney-client privilege as it pertains to those topics should be waived as well.

Additionally, the Plaintiff has waived the attorney-client privilege by knowingly disclosing attorney-client communications. Specifically, at Mark Wilkin's deposition, the Plaintiff voluntarily produced correspondence between the Plaintiff, Hingham Mutual, and Plaintiff's counsel, Paul Needham, regarding the 93A claims asserted by Melissa Macomber for Hingham's delay in payment of the judgment. (See Letters dated December 17, 2002, January 29, 2003, and April 3, 2003, attached as **Exhibit 6**). These letters were clearly written in Mr. Needham's capacity as counsel for Hingham Mutual. Additionally, the letters were written after judgment was rendered in the underlying action

brought by Melissa Macomber against Hingham Mutual's insured, Michael Gould.  Voluntary disclosure of privileged communications to an outside party constitutes a waiver of the attorney-client privilege. Colonial Gas Co. v. Aetna Casualty & Surety Co., 144 F.R.D. 600, 604 (D. Mass. 1992).    Even where the disclosure of privileged information is inadvertent, the attorney-client privilege is waived as to communications on the same subject.  In re Lernout & Hauspie Securities Litigation, 222 F.R.D. 29, 34-35 (D.Mass. 2004.)

It is Edward Silveira's position that he is an insured under the Hingham policy, and as such, he has asserted 93A claims against the Plaintiff for its failure to provide not only insurance coverage, but also a defense to the claims brought against him.  Although the Plaintiff voluntarily disclosed certain privileged documents, it continues to withhold the Plaintiff's insurance adjusters notes based on the attorney-client privilege.  Such notes are relevant to the 93A claims asserted by the Defendants, as well as the underlying issues of coverage and defense which triggered the 93A bad faith claims.  The Plaintiff's voluntarily disclosure of attorney-client privileged documents pertaining to 93A claims against the Plaintiff acts as a waiver of all other privileged documents on the same topic.  As such, the Plaintiff's objection to Request Numbers 1, 2, 3, 4, 5, 8, 9, 10, 11, 12 and 13 based on attorney-client privilege should be stricken and the Plaintiff should be compelled to provide a complete response to the Request.

Finally, the work product should not apply to the extent the Plaintiff intends to use those documents or things at the trial of this matter.  The work product doctrine is not an absolute privilege preventing discovery, rather, the work product doctrine may be waived.  United States v. Massachusetts Institute of Technology, 129 F.3d 681, 687 (1st Cir. 1997).  Disclosure of allegedly privileged material in a way that is inconsistent with protecting the material from the adversary constitutes a waiver of the work product privilege.  Based on these principles, the work product privilege should not operate to prevent the discovery of materials the Plaintiff intends to use at trial.  Thus, to the extent that Plaintiff intends to utilize any of the purportedly protected documents at trial, the work product privilege does not apply and the information should be disclosed.

The additional requests for which the Defendant seeks a further response are as follows:

**REQUEST NO. 1**: All documents, pictures, videos or tangible things concerning and/or related to the circumstances surrounding Melissa Macomber's August 4, 2001 accident.

**RESPONSE NO. 1**:

> **OBJECTION**: The plaintiff objects to this request because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence. Pursuant to this objection, the plaintiff refuses to produce the following documents in the possession of its attorney:

> > 1) Investigation reports prepared by Norfield Associates, Inc., independent adjuster for Hingham Mutual Fire Insurance Company, dated September 12, 2001, October 11, 2001, and December 5, 2001; and

> > 2) Status letters from W. Paul Needham to Hingham Mutual Fire Insurance Company dated January 14, 2002, July 20, 2002, October 23, 2002, November 20, 2002, December 10, 2002.

> Without waving its objection, the plaintiff states: The plaintiff has already produced the following documents to defendant Edward Silveira as part of its initial disclosures pursuant to F.R.C.P. 26:
> - Certified Docket Sheet in *Melissa Macomber v. Michael* Gould, Barnstable (Massachusetts) Superior Court, Civil Action No. BACV2001-00623 *("Macomber");*
> - Complaint in *Macomber;*  Transcript of deposition of Douglas Cummins in *Macomber;*
> - Transcript of deposition of Edward Silveira in *Macomber;*
> - Transcript of deposition of Michael Gould in *Macomber;*
> - Transcript of deposition of Melissa Macomber in *Macomber;*
> - Full trial transcript in *Macomber;*
> - Judgment on jury verdict in *Macomber,*
> - Release in *Macomber;* - Satisfaction of Judgment in *Macomber;*
> - Settlement check in *Macomber;* and
> - Michael Gould homeowner's insurance policy with Hingham Mutual Fire Insurance Company.

Attached hereto as Exhibit A are the following additional documents:

> - Defendant's Answer to the Plaintiff's Complaint in *Macomber;*
> - Plaintiff's Answer to Defendant's Interrogatories in *Macomber;*
> - Defendant's Answers to Plaintiff's Interrogatories in *Macomber;*
> - Demand letters from W. Paul Needham to defendants Douglas Cummins and Edward Silveira dated July 22, 2003;
> - Response letters from W. Paul Needham to Attorneys Arter and Grieco dated February 24, 2004; and
> - Letter from W. Paul Needham to William V. Wry, Jr., Technical Specialist, Travelers Insurance, dated August 26, 2003.

In addition, photographs depicting Michael Gould's boat are available for inspection at plaintiff's counsel's office.

**DOCUMENTS SOUGHT:** The Defendant seeks to compel the Plaintiff to provide further responses to the interrogatory as posed. This request seeks materials pertaining to the August 4, 2001 accident in which the Plaintiff's insured was found negligent and for which the Plaintiff now seeks contribution. The Plaintiff contends that this Defendant and Douglas Cummins were negligent in connection with that accident. The requested documents and things are relevant to establishing the actions of each individual person and the events that took place on August 4, 2001. Relevancy is broadly construed at the discovery stage of litigation and a request should be considered relevant if there is any possibility that the documents or things sought may be relevant to the subject matter of the pending action. Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984). Clearly information pertaining to the underlying accident giving rise to this action is relevant. Additionally, the Plaintiff has failed to produce the claims file generated in connection with the August 4, 2001 accident. A litigant may access work product documents showing substantial need for the documents and undue hardship in obtaining it himself. In this case, documents relating to the investigation of the August 4, 2001 accident are clearly relevant and should be produced, irrespective of the work product privilege, because Defendant has no other means by which to obtain the information contained therein. Even if the claims file is protected by the work product privilege, it should be produced because the accident occurred in 2001 and this Defendant was not sued until 2003. The claims file undoubtedly contains materials relevant to the current action, and there is no burden to the Plaintiff in simply looking through its file to determine what materials are relevant and discoverable. Thus, for the foregoing reasons, the Plaintiff should be compelled to provide further responses without its stated objections. To the extent the attorney-client or work product privileges apply, Plaintiff should be compelled to provide a further response as to any documents or things it intends to use at trial.

**REQUEST NO. 2:** All documents, pictures, videos or tangible things which support Hingham Mutual's claims that it is entitled to contribution from Edward Silveira and Douglas Cummins.

**RESPONSE NO. 2**:

**OBJECTION:** The plaintiff objects to this request because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work product

doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:

The plaintiff has no such documents other than: (1) the documents listed in Response No. 1, above; (2) and the pleadings and correspondence between the parties in the instant case, of which defendant Edward Silveira and/or his counsel already have possession.

**DOCUMENTS SOUGHT:** The Defendant seeks a complete response to this request as posed.

This request seeks documents or things relating to the Plaintiff's claims against this Defendant and

Douglas Cummins for contribution. A request seeking documentary evidence which according to the

Plaintiff, supports its claims or contention, is a legitimate and proper use of discovery, Petroleum Ins.

Agency v. Hartford Accident Indemnity Co., 106 F.R.D. 59,64 (D.Mass 1985). The purposes of

discovery include: to avoid surprise, to fully disclose the nature and scope of the controversy and to

narrow, simplify and frame the issues involved so the parties may properly prepare for trial. 8 Wright,

Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2001 at 44-45 (1994). Further, a request

should be considered relevant if there is any possibility that the documents or things sought may be

relevant to the subject matter of the pending action. Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass.

1984). This request is clearly relevant and designed to allow the Defendant to fully understand the claims

against him and to prepare the appropriate defense for trial. Further, the request is relevant as it seeks

documents or things related to the very claims that the Plaintiff asserts against the Defendants. As such,

the Plaintiff should be compelled to provide further responses, as requested.

**REQUEST NO. 3**: If Hingham Mutual contends that Edward Silveira is not an insured under its policy of insurance No. H09722161, all documents, pictures, videos or tangible things that support that contention.

**RESPONSE NO. 3**:

**OBJECTION:** The plaintiff objects to this request because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:
The plaintiff has no such documents other than those listed in Response Nos. 1 and 2, above.

**DOCUMENTS SOUGHT:** The Defendant seeks a further response to the request as posed. In the

current action, the Plaintiff has taken the position that the Defendant, Edward Silveira, is not an insured

under the Hingham Mutual policy because allegedly the insured, Michael Gould, constructively withdrew

his consent for the use of his boat.  This request seeks documents or things that support the Plaintiff's

contention that the Defendant, Edward Silveira, is not an insured under the policy and therefore not

entitled to coverage under the policy.  The discovery process is designed to avoid surprise, to fully

disclose the nature and scope of the controversy and to narrow, simplify and frame the issues involved so

the parties may properly prepare for trial.  8 Wright, Miller & Marcus, Federal Practice and Procedure,

Civil 2d § 2001 at 44-45 (1994).  The documents and things requested are necessary for the Defendant to

fully understand the nature and scope of the Plaintiff's contentions and to adequately prepare a defense in

this case.  Therefore, the Plaintiff should be compelled to provide a further response.

**REQUEST NO. 4:** If Hingham Mutual contends that it is not obligated to defend Edward Silveira
against its claims for contribution from him, all documents, pictures, videos or tangible things that
support that contention.

**RESPONSE NO. 4:**

**OBJECTION:** The plaintiff objects to this request because: (1) it is so excessively broad that it is
burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work product
doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence.
Without waiving its objection, the plaintiff states:
    The plaintiff has no such documents other than those listed in Response Nos. 1 and 2, above.

**DOCUMENT SOUGHT:**  The Defendant seeks a complete response to this request as posed.  The

Plaintiff is not currently providing a defense to Edward Silveira, in connection with this case.   The

Plaintiff has now filed a declaratory judgment action to determine whether it does in fact have a duty to

defend in this case.  This request is designed to apprise the Defendant of those documents and things that

support Plaintiff's contention that it has no duty to defend in this case.  Some of the purposes of discovery

are to avoid surprise, to fully disclose the nature and scope of the controversy and to narrow, simplify and

frame the issues involved so the parties may properly prepare for trial.  8 Wright, Miller & Marcus,

Federal Practice and Procedure, Civil 2d § 2001 at 44-45 (1994).

Furthermore, the documents and things requested are relevant to the subject matter of this case

because currently, the Defendant, Edward Silveira, is forced to defend this case at his own expense.  A

discovery request is considered relevant "if there is any possibility that the information sought may be

relevant to the subject matter of the action." Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984)

(*quoting* Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977). The requested

documents are relevant to the Plaintiff's failure to defend and are necessary for the adequate preparation

of Defendant's case. As such, the Plaintiff should be compelled to provide a further response to this

interrogatory as posed.

**REQUEST NO. 5**: If Hingham Mutual contends that it is not obligated to cover and pay any and all contribution claims against Edward Silveira because of the injuries sustained by Melissa Macomber as a result of the accident of August 4, 2001, all documents, pictures, videos or tangible things that support that contention.

**RESPONSE NO. 5**:

**OBJECTION:** The plaintiff objects to this request because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:
The plaintiff has no such documents other than those listed in Response Nos. 1 and 2, above.

**DOCUMENT SOUGHT:** The Defendant seeks a complete response to this request as posed. This

request is designed to apprise the Defendant of those tangible things and/or documents which substantiate

the Plaintiff's contentions that it is not obligated to cover any claims for contribution for which the

Defendants are held liable. The discovery process is intended to fully disclose the nature and scope of the

controversy and to narrow, simplify and frame the issues involved so the parties may properly prepare for

trial. 8 Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2001 at 44-45 (1994). The

documents requested are essential to the Defendant's ability to prepare an appropriate defense to the

Plaintiff's contentions and thus, the Plaintiff should be compelled to provide them to the extent they are

not protected by a privilege.

Further, the documents requested are relevant to this action in which the Plaintiff contends the

Defendants are liable for contribution but not entitled to coverage under the Hingham Mutual policy.

Relevance is broadly interpreted in the discovery process and a request "should be considered relevant if

there is any possibility that the information sought may be relevant to the subject matter of the action."

Gegne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's General Hospital, 76

F.R.D. 136, 138 (W.D. Okla. 1977). Discovery should generally be permitted under the concept of relevancy unless the request has no possible bearing on the subject matter of the pending action. <u>Gegne</u>, 104 F.R.D. at 456 (citing <u>Miller v. Doctor's General Hospital</u>, 76 F.R.D. 136, 138 (W.D. Okla. 1977). For the foregoing reasons, the Plaintiff should be compelled to provide further responses to this Request.

**REQUEST NO. 7**: All documents concerning or related to the application for, or underwriting of, or the issuance or cancellation of any policy of insurance issued by Hingham Mutual to Michael Gould, including but not limited to Policy No. H09722161.

**RESPONSE NO. 7**:

**OBJECTION:** The plaintiff objects to this request because it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:

Michael Gould is not a party to this action. The plaintiff has already produced, *inter* alia, trial and deposition transcripts from the underlying case and Michael Gould's insurance policy.

**DOCUMENTS SOUGHT:** The Defendant seeks a further response to this request as posed. In this action, the Plaintiff brings suit against the Defendants for contribution in connection with the August 4, 2001 boating accident which injured Melissa Macomber. Plaintiff's insured was the owner of the boat where the accident took place. The fact that Michael Gould is not a party to the current action has no bearing on the relevance or discoverability of the requested documents. Fed. R. Civ. P. 34(a) requires a party to respond to a request with those documents or things in its possession, custody or control. Documents related to the application for, issuance, underwriting and cancellation of Hingham Mutual policies of insurance to Michael Gould are certainly in the possession, custody or control of the Plaintiff, and such should be produced.

Further, the documents requested are relevant to determine the nature and scope of Michael Gould's insurance policies, any changes that were made to the nature and scope of the policies and why the Plaintiff cancelled Gould's policy of insurance after the August 4, 2001 accident. Relevance is broadly interpreted in the discovery process and a request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." <u>Gegne v. Reddy</u>, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* <u>Miller v. Doctor's General Hospital</u>, 76 F.R.D. 136, 138 (W.D. Okla. 1977). The information requested is essential to Defendant's full understanding of

the issuance policy at issue and the preparation of an appropriate defense.  As such, the Plaintiff should be compelled to provide further responses as requested.

**REQUEST NO. 8:** All documents, pictures, videos or tangible things concerning and/or related to the claims asserted by Melissa Macomber against Michael Gould as a result of her August 4, 2001 accident.

**RESPONSE NO. 8**:

**OBJECTION:** The plaintiff objects to this request because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:
    The plaintiff has no such documents other than those listed in Response Nos. 1 and 2, above.

**DOCUMENTS SOUGHT:** The Defendant seeks a further response to this request as posed.

This Request seeks to discover documents or things related to the claims brought by Melissa Macomber against Plaintiff's insured, Michael Gould, as a result of the August 4, 2001 accident.  The Plaintiff's current claims for contribution are brought as a result of the amounts it expended as a result of Michael Gould's negligence and liability in connection with the August 4, 2001 accident and Melissa Macomber's injuries.  A request  "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Gegne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977).  Clearly the documents and things requested here have a bearing on this action which is premised on the amounts Plaintiff expended in connection with the August 4, 2001 accident.  The documents and things are relevant and discoverable and as such, the Plaintiff should be compelled to provide further responses to this request for production.

**REQUEST NO. 9**: All documents, pictures, videos or tangible things concerning and/or related to all claims asserted in the present action.

**RESPONSE NO. 9**:

**OBJECTION:** The plaintiff objects to this request because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:
The plaintiff has no such documents other than those listed in Response Nos. 1 and 2, above.

**DOCUMENTS SOUGHT**:  The Defendant seeks a further response to this request as posed. The current request is designed to apprise the Defendant of any documents and things related to the current action which Defendant is not currently aware of.  The discovery process is intended to avoid surprise and to fully disclose the nature and scope of the controversy.  8 Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2001 at 44-45 (1994).  The request is not overly broad in that it seeks only documents and things related to the claims presented in the current action.  The Defendant is entitled to understand the nature and scope of the claims against him and the requested documents and things are necessary to accomplish this and to adequately prepare for trial.  As such, the Plaintiff should be compelled to provide a further response to the this Request.

**REQUEST NO. 10**: All documents concerning or related to any claim, demand, contention or suggestion that either Edward Silveira or Douglas Cummins were insureds under Hingham Mutual's Policy No. H09722161.

**RESPONSE NO. 10**:

**OBJECTION:** The plaintiff objects to this request because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:
The plaintiff has no such documents other than those listed in Response Nos. 1 and 2, above.

**DOCUMENTS SOUGHT**:  The Defendant seeks a further response to this request as posed. This request seeks documents and things related to any contention that the Defendants are insureds under the Hingham Mutual policy.  A discovery request seeking documentary evidence which support the parties' claims or contentions in a case is a legitimate and proper use of discovery.  Petroleum Ins. Agency Inc. v. Hartford Accident and Indemnity Co., 106 F.R.D. 59, 64 (D. Mass. 1985).  Further, the documents and things requested are relevant to the pending action.  A request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."  Gegne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (quoting Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977).  Discovery should generally be allowed under the concept of relevancy unless the request has no possible bearing on the subject matter of the action. Gegne, 104 F.R.D. 454, 456 (D. Mass. 1984) (citing Miller v. Doctor's General Hospital, 76 F.R.D. 136,

138 (W.D. Okla. 1977).    Clearly a  request for documents concerning a claim or contention that the

Defendants are insured under the Hingham Mutual policy is  relevant to this action and as such, the

Plaintiff should be compelled to provide a further response to this request.

**REQUEST NO. 11**: Any and all documents concerning or related to all actions taken by Hingham
Mutual through its employees, agents, representatives or attorneys as a result of learning of any claim,
demand, contention or suggestion that either Edward Silveira or Douglas Cummins were insureds under
Hingham Mutual's Policy No. H09722161.

**RESPONSE NO. 11:**

**OBJECTION**: The plaintiff objects to this request because: (1) it is so excessively broad that it is
burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work product
doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible
evidence. Without waiving its objection, the plaintiff states:
    The plaintiff has no such documents other than those listed in Response No. 2, above.

**DOCUMENTS SOUGHT:**  The Defendant seeks a further response to this request as posed.  This

request seeks documents or things related to any actions Plaintiff took as a result of any contention that

the Defendants are insureds under the Hingham Mutual policy.  The documents requested are relevant

because the Defendant, Edward Silveira, has brought a bad faith claim against the Plaintiff due to its

failure to defend and provide coverage in connection with the pending claims.  A request "should be

considered relevant if there is any possibility that the information sought may be relevant to the subject

matter of the action."  Gegne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's

General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977).  Further, the request is not overly broad because

it seeks only documents or things related to actions the Plaintiff took as a result of learning that the

Defendants contend they are insureds.  Discovery is intended to narrow and simplify the issues for trial.  8

Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2001 at 44-45 (1994).  This request

is designed to narrow and simplify the bad faith issues for trial and as such, the Plaintiff should be

compelled to provide further responses to the Request.

**REQUEST N0. 12**: All documents concerning or related to communications between Michael
Gould and any other person concerning the use and/or maintenance or repair of his boat on August 4,
2001.
**RESPONSE N0.12:**

**OBJECTION**: The plaintiff objects to this request because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states

The plaintiff has no such documents other than those listed in Response Nos. 1 and 2, above.

**DOCUMENTS SOUGHT:** The Defendant seeks a further response to this request as posed.

This request is designed to apprise the Defendant of documents or things which exist concerning Michael

Gould's giving and/or relinquishing consent to the use of his boat on August 4, 2001. The documents

requested are relevant because the Plaintiff contends that in some way, Michael Gould constructively

withdrew his consent to the use of the boat. The discovery process is intended to fully disclose the nature

and scope of the controversy and to narrow, simplify and frame the issues involved so the parties may

properly prepare for trial. 8 Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2001 at

44-45 (1994). A full response to this request is not overbroad in that it seeks only documents pertaining

to Michael Gould's consent to use his boat or lack thereof on August 4, 2001. Further, the request is

necessary to fully disclose the nature of Plaintiff's contentions and simplify the issues for trial. Absent a

complete response to this request, the Defendant is unable to properly prepare his defense in this case. As

such, the Plaintiff should be compelled to provide a complete response.

**REQUEST NO. 13:** All documents concerning or related to communications between and among any of the present parties, Michael Gould and/or, Melissa Macomber, including their employees, agents, representatives and attorneys.

**RESPONSE NO.13:**

**OBJECTION**: The plaintiff objects to this request because: (1) it is so excessively broad that it is burdensome and oppressive; (2) it asks the plaintiff to produce documents covered by the work product doctrine and attorney-client privilege; and (3) it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:

The plaintiff has no such documents other than those listed in Response Nos. 1 and 2, above.

**DOCUMENTS SOUGHT:** The Defendant seeks a further response to this request as posed.

This request seeks documents or things related to communications between Michael Gould and any of the

parties to this action or Melissa Macomber. This request is relevant in that the Plaintiff contends that

Michael Gould withdrew his consent to the use of the boat and also that the Defendants failed to inform

16

him of the condition of the towing mechanism. Further, the Plaintiff contends that the Defendants did not

warn or inform Melissa Macomber of the condition of the towing mechanism prior to the accident. A

request "should be considered relevant if there is any possibility that the information sought may be

relevant to the subject matter of the action." Gegne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984)

(*quoting* Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977). As this request is

clearly relevant to the subject matter of this subrogation action, the Plaintiff should be compelled to

provide a further response.

**REQUEST NO. 14**: All documents concerning or related to any and all practices, policies, rules, customs, protocols, whether reduced to writing or not, of Hingham Mutual concerning or related to the application for, the issuance of, underwriting of, or cancellation of Hingham Mutual's policies of insurance similar to policy number H09722161.

**RESPONSE NO. 14**:

**OBJECTION:** The plaintiff objects to this request because it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:
    The plaintiff has no such documents.

**DOCUMENTS SOUGHT:** The Defendant seeks a further response to this request as posed. In

response to this request, the Plaintiff provides an objection yet fails to specify why the objection applies

and/or why the request should not be responded to. Absent a specific showing as to why the objection

applies and/or why the request should not be responded to, the Plaintiff's current blanket objection is

insufficient and should be stricken.

This Request is designed to lead to the discovery of admissible evidence relating to the Plaintiff's

policies and procedures in underwriting, issuing and canceling insurance policies similar to H09722161.

This information is relevant to determine the nature and scope of the coverage afforded to Michael Gould

and the present defendants pursuant to that insurance policy. A request "should be considered relevant if

there is any possibility that the information sought may be relevant to the subject matter of the action."

Gegne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's General Hospital, 76

F.R.D. 136, 138 (W.D. Okla. 1977). The request is relevant to discover the ability of the insured to

provide consent and how the insured's granting of consent may affect the coverage under the policy. As

such, the information is relevant and discoverable and the Plaintiff should be compelled to provide a

further response without the stated objection.

**REQUEST NO. 15:** All documents concerning or related to any and all practices, policies, rules, customs, protocols, whether reduced to writing or not, of Hingham Mutual concerning or related to the handling and/or defense of claims such as those asserted by Melissa Macomber against Michael Gould.


**RESPONSE NO. 15:**

**OBJECTION:** The plaintiff objects to this request because it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:
The plaintiff has no such documents. There are no written policies concerning the defense of the underlying case or the bringing of subrogation claims for contribution. Defense cases are promptly investigated and properly defended. Subrogation actions for contribution are brought when appropriate. When, as in this case, there is a dispute as to coverage, an appropriate claim for a declaratory action is made.

**DOCUMENT SOUGHT:**  The Defendant seeks a further response to this request as posed

This Request is designed to lead to the discovery of admissible evidence pertaining to Hingham

Mutual's handling and/or defense of claims similar to those asserted by Melissa Macomber.  The

documents and things requested are relevant to the current action which seeks contribution for amounts

expended by the Plaintiff as a result of Melissa Macomber's claims.  A request "should be considered

relevant if there is any possibility that the information sought may be relevant to the subject matter of the

action." Gegne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's General

Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977).  In handling the claim for the August 4, 2001 accident,

certain policies and procedures likely dictated Plaintiff's treatment of the case.  Those policies,

procedures and rules are relevant to the present claims by the Plaintiff for amounts it expended as a result

of the August 4, 2001 accident.  As a result, the Plaintiff should be compelled to provide further responses

to this request without the stated objection.

**REQUEST NO. 16**: All documents concerning or related to any and all practices, policies, rules, customs, protocols, whether reduced to writing or not, of Hingham Mutual concerning or related to the handling and/or defense of contribution claims against Hingham Mutual's insureds.

**RESPONSE NO. 16**:

**OBJECTION:** The plaintiff objects to this request because it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:
The plaintiff has no such documents. There are no written policies concerning the defense of subrogation claims for contribution. Such cases are promptly investigated and properly defended. When, as in this case, there is a dispute as to coverage, an appropriate claim for a declaratory action is made.

**DOCUMENTS SOUGHT:**  The Defendant seeks a further response to this request as posed.

This request is designed to lead to the discovery of admissible evidence pertaining to the Plaintiff's

handling and/or defense of contribution claims against its insureds.  The documents and things requested

are relevant to this action for contribution against the Defendants.  A request "should be considered

relevant if there is any possibility that the information sought may be relevant to the subject matter of the

action."  Gegne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* Miller v. Doctor's General

Hospital, 76 F.R.D. 136, 138 (W.D. Okla. 1977).  Furthermore, the discovery process is designed to fully

disclose the nature and scope of the controversy and to narrow, simplify and frame the issues involved so

the parties may properly prepare for trial.  8 Wright, Miller & Marcus, Federal Practice and Procedure,

Civil 2d § 2001 at 44-45 (1994).  This requests seeks relevant documents pertaining to how the Plaintiff

determines when an action for contribution is appropriate and how it determines its own duty to defend or

provide coverage to its insureds.  As such, the Plaintiff should be compelled to provide a further response

to this request.

**REQUEST NO. 17**: All documents concerning or related to any and all practices, policies, rules, customs, protocols, whether reduced to writing or not, of Hingham Mutual concerning or related to the handling and/or prosecution of subrogation or contribution claims by Hingham Mutual.

**RESPONSE NO. 17**:

**OBJECTION**: The plaintiff objects to this request because it is not reasonably calculated to lead to admissible evidence. Without waiving its objection, the plaintiff states:
The plaintiff has no such documents. There are no written policies concerning the defense of the underlying case or the bringing of subrogation claims for contribution. Defense cases are promptly investigated and properly defended. Subrogation actions for contribution are brought when appropriate. When, as in this case, there is a dispute as to coverage, an appropriate claim for a declaratory action is made.

**DOCUMENTS SOUGHT:** The Defendant seeks a further response to this request as posed.

This request is calculated to lead to the discovery of admissible evidence as to how the Plaintiff

determines when an action for contribution is appropriate and against whom it is appropriate.  In the

current action, the Plaintiff asserts claims for contribution against the Defendants, Edward Silveira and

Douglas Cummins.  This request is relevant to those claims for contribution and how the Plaintiff

generally handles claims for contribution.  A request "should be considered relevant if there is any

possibility that the information sought may be relevant to the subject matter of the action."  <u>Gegne v.</u>

<u>Reddy</u>, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* <u>Miller v. Doctor's General Hospital</u>, 76 F.R.D.

136, 138 (W.D. Okla. 1977).  In this case, the Defendant, Edward Silveira, contends that he is an insured

under the Hingham Mutual policy.  This request is designed to reveal relevant documents relating to the

Plaintiff's determination that a subrogation action seeking contribution should be brought against the

Defendants.  The documents and things requested are relevant and discoverable and as such, the Plaintiff

should be compelled to provide further responses to this Request.

**REQUEST NO. 19:** All documents concerning or related to any and all practices, policies, rules,
customs, protocols, whether reduced to writing or not, of Hingham Mutual concerning or related to the
decision and/or notification of the provision of a defense to Hingham Mutual insureds or the refusal to
provide such defense.

**RESPONSE NO. 19:**

**OBJECTION:** The plaintiff objects to this request because it is not reasonably calculated to lead
to admissible evidence. Without waiving its objection, the plaintiff states:
The plaintiff has no such documents.

**DOCUMENT SOUGHT:**  The Defendant seeks a further response to this request as posed.  This

Request is reasonably calculated to lead to the discovery of admissible evidence pertaining any policies,

procedures, rules and guidelines that are utilized by the Plaintiff in determining whether it will provide a

defense in a case.  This request is relevant because currently the Defendant, Edward Silveira, is defending

this subrogation action at his own expense without the aid of the Plaintiff.  A request "should be

considered relevant if there is any possibility that the information sought may be relevant to the subject

matter of the action."  <u>Gegne v. Reddy</u>, 104 F.R.D. 454, 456 (D. Mass. 1984) (*quoting* <u>Miller v. Doctor's</u>

<u>General Hospital</u>, 76 F.R.D. 136, 138 (W.D. Okla. 1977).  The documents and things requested are

relevant to how the Plaintiff determines its duty to defend a given case.  Further, the Plaintiff has filed a

declaratory judgment action to determine coverage under the policy and whether there is a duty to defend

in this case.  As such, a response to this request will serve to narrow the issues for trial and for declaratory judgment action.  Therefore, the Plaintiff should be compelled to provide a complete response to this interrogatory.

**WHEREFORE**, defendant requests an order be entered requiring plaintiff to fully respond within ten (10) days of the date of order.

## LOCAL RULE 37.1 CERTIFICATION

In compliance with Local Rule 37.1, counsel for Silveira wrote to counsel for Hingham prior to the filing of this motion, requesting that Hingham agree to strike its serial objections to Silveira's discovery requests in light of the facts that Hingham responded to those requests by either providing information or indicating that it had no responsive information and because those objections were nevertheless waived due to their untimely assertion.  Hingham made no response.  Counsel for Silveira also discussed Hingham's waiver of the attorney client privilege with counsel for Hingham at the Rule 30(b)(6) deposition of Hingham on August 5, 2004 and requested Hingham divulge information being withheld based upon that privilege.  Hingham refused.

Defendant,
Edward Silveira,
By his attorneys

s/Dennis T. Grieco II

_____
Dennis T. Grieco II
BBO#: 566676
GIDLEY, SARLI, & Marusak, LLP
One Turks Head Place, Ste. 900
Providence, RI  02903
Tel: (401) 274-6644
Fax: (401) 3319304

**<u>CERTIFICATION</u>**

W. Paul Needham, Esq.
W. Paul Needham. P.C.
10 Liberty Square
Boston, MA 02109

D. Michael Arter, Esq.
Law Office of Thomas Niarchos
100 Summer Street, Suite 201
Boston, MA 02110


I hereby certify that on the 1st day of September, 2004, I mailed and/or hand-delivered a true copy of the within to counsel of record, as above.

s/ Cidalia Mendes Lucci
_____