UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 03-CV-12391-WGY

HINGHAM MUTUAL FIRE INSURANCE COMPANY a/s/o
MICHAEL GOULD,
Plaintiff

VS

DOUGLAS CUMMINS and
EDWARD SILVEIRA,
Defendants

## MOTION OF DEFENDANT, DOUGLAS CUMMINS, FOR ENTRY OF PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 56

The defendant, Douglas Cummins, moves this Honorable Court for the entry of partial summary judgment in his favor pursuant to Rule 56 of the Federal Rules of Civil Procedure on his counterclaim alleging that the plaintiff/defendant in counterclaim, Hingham Mutual Insurance Company is liable for providing him a defense and indemnification in this matter. As grounds, therefore, the defendant states that there is no genuine issue of material fact that the defendant is entitled to summary judgment inasmuch as he is an additional insured for the alleged loss under the terms of Hingham Mutual Insurance Company's policy with Michael Gould as a matter of law.

More specifically, the defendant states that this action arises out of an accident that occurred on a boat owned by Michael Gould on the pond adjoining 14 Pine Grove Circle in Mashpee, Ma. On the date of the accident, August 4, 2001, a wedding between Michael Gould and Lisa Silveira took place on the beach at the aforementioned residence. A reception for approximately 200 guests occurred immediately thereafter.

Gould was the owner of a 17 foot Fish & Ski motorboat. He had owned the boat for approximately five years. The week before the wedding, the plaintiff purchased a tube for

tubing. The tube attached to the rear of the boat through a tow bar apparatus. Gould set up the tube the night before the wedding. While he was tubing, the center pole of the tow bar apparatus rotated out of its hole on the transom of the boat. The safety pin that locked the pole into place had been previously set aside by Gould.

On the day of the wedding, Gould allowed co-defendant, Ed Silveira, and the insured/defendant, Douglas Cummins, to use the boat and tube. Gould instructed both Silveira and Cummins to keep pressure on the center post by holding it down while towing the tube. Both Cummins and Silveira drove the boat. While Silveira was driving the boat and Cummins was spotting a boy (Tommy Barker) tubing, Cummins noticed a problem with the port side stay of the tow bar apparatus. He thereafter went ashore to get some tools to address this problem. While on shore, he advised Michael Gould of the rattle/vibration of the stay. He did not have any conversation with Gould at that time about the center post coming out of its hole.

While Ed Silveira was tubing, Melissa Macomber was sitting at the stern of the boat spotting. She had also been told by Silveira to hold onto the center post. At some point while towing Silveira, the center post came out of its hole and violently struck Macomber under her jaw, shattering her jaw and knocking out upwards of ten teeth.

Macomber subsequently brought suit against Gould for negligent maintenance of the tow bar apparatus. In December of 2002, a Barnstable County jury found Gould negligent, and awarded damages in the amount of $300,000, plus interest, for a total judgment of $342,805.85. The judgment was later compromised by Gould's insurer, Hingham Mutual, in the amount of $290,000. Macomber executed a release on 4/8/03, releasing Gould and Hingham Mutual. A satisfaction of judgment was filed.

Hingham Mutual, as subrogee of Michael Gould, then brought the instant contribution action against both Cummins and Silveira. In paragraph 19 of the First Amended Complaint, Hingham Mutual alleges that Cummins and Silveira acted negligently "in the course of using the boat and through other acts and omissions unrelated to their use of the boat…" Count I of the First Amended Complaint seeks damages "in the amount of

$96,666.66, which represents Cummins' pro rata, one-third ( 1/3 ) share of the $290,000 settlement in the underlying case, plus interest, costs and attorney's fees."

The Homeowners Policy Michael Gould carried with Hingham Mutual defined an insured on page 1, Definitions, in pertinent part, as follows:

"Under Coverages L and M insured also includes:

e. <u>persons using</u> or caring for watercraft or animals owned by an insured and to which this insurance applies..."

The policy additionally provides with regard to Incidental Liability coverages:

"6. Watercraft –

a) We pay for the bodily injury or the property damage which results from the maintenance use, loading or unloading of:

b) a watercraft which is powered by outboard motors which total 60 horsepower or less."

Under coverage L – Personal Liability on page 8 of the policy, Hingham Mutual is obligated to "defend a suit seeking damages if the suit resulted from bodily injury or property damage not excluded under this coverage."

No exclusions are applicable to the alleged loss. Accordingly, inasmuch as there is no genuine issue of fact that the alleged accident arose out of the operation of a watercraft covered under the Gould policy, Hingham Mutual is liable for the defense and indemnification of Douglas Cummins in this matter. Cummins is also insured under a Homeowners Policy with Travelers Indemnity Company. The Travelers other insurance clause is in all pertinent respects identical to the other insurance clause in the Hingham Mutual policy. Under the circumstances of this case, Travelers and Hingham Mutual are required to share equally the defense and indemnity costs associated with Hingham Mutual Insurance Company's contribution claim.

Wherefore, the defendant/plaintiff in counterclaim, Douglas Cummins, seeks the entry of summary judgment in its favor that Hingham Mutual is liable for his defense and indemnification. The defendant/plaintiff in counterclaim, Douglas Cummins, additionally seeks a declaratory

judgment that Hingham Mutual pay one-half of all defense and indemnity costs incurred by Douglas Cummins in the defense of the Hingham Mutual claim.

A brief is attached hereto in support of the within motion.

By his attorney,

*/s/ D. Michael Arter*

D. Michael Arter
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA 02104
(617) 772-2800
B.B.O. 022410

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on 9/1/04

*/s/ D. Michael Arter*
D. Michael Arter