UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 03-CV-12391-WGY

HINGHAM MUTUAL FIRE INSURANCE COMPANY a/s/o
MICHAEL GOULD,
Plaintiff

VS

DOUGLAS CUMMINS and
EDWARD SILVEIRA,
Defendants

## MEMORANDUM OF DEFENDANT, DOUGLAS CUMMINS, IN SUPPORT OF HIS MOTION FOR ENTRY OF PARTIAL SUMMARY JUDGMENT

I. FACTS

This action arises out of an accident that occurred on a boat owned by Michael Gould on the pond adjoining 14 Pine Grove Circle in Mashpee, Ma. Deposition of Michael Gould, dated 6/20/02, page 5-6, 12, 17 attached hereto as Exhibit A. On the date of the accident, August 4, 2001, a wedding between Michael Gould and Lisa Silveira, and a reception immediately thereafter, took place on the beach at the aforementioned residence. Deposition of Michael Gould, dated 6/20/02, page 5, attached hereto as Exhibit A. Gould was the owner of a 17 foot Fish & Ski motorboat. Deposition of Michael Gould, dated 6/20/02, page 5-6, attached hereto as Exhibit A. He had owned the boat for approximately five years. Deposition of Michael Gould, dated 6/20/02, page 6, attached hereto as Exhibit A.

On the day of the wedding, Gould allowed co-defendant, Ed Silveira, and the insured/defendant, Douglas Cummins, to use the boat and tube. Deposition of Douglas Cummins, page 12-15, 98-102, attached hereto as Exhibit B. Testimony of Edward J. Silveira, Trial Transcript, page 80, attached hereto as Exhibit M. Both Cummins and Silveira drove the boat. Deposition of Douglas Cummins, page 21, attached hereto as

Exhibit B. Gould at no time told Cummins that he had withdrawn his permission for Cummins to use the boat. Deposition of Douglas Cummins, page 98-99, attached hereto as Exhibit B. Gould never communicated any withdrawal of his initial permission that Cummins and Silveira be allowed to use the boat. Deposition of Douglas Cummins, page 98-102, attached hereto as Exhibit B.

While Ed Silveira was tubing, Melissa Macomber was sitting at the stern of the boat spotting. Deposition of Douglas Cummins, page 47-54, attached hereto as Exhibit B. The tube was attached to the stern of the boat through a tow bar apparatus. At some point while towing Silveira, the center post of the tow bar apparatus came out of its hole and violently struck Macomber under her jaw, causing personal injury. Deposition of Douglas Cummins, page 47-54, attached hereto as Exhibit B. Cummins was operating the boat at the time of the alleged accident. Deposition of Douglas Cummins, page 102-103, attached hereto as Exhibit B.

Macomber subsequently brought suit against Gould for negligent maintenance of the tow bar apparatus. See attached Exhibit C. In December of 2002, a Barnstable County jury found Gould negligent, and awarded damages in the amount of $300,000, plus interest, for a total judgment of $342,805.85. See attached Exhibit D. The lawsuit by Macomber against Gould was defended without reservation by Gould's homeowner's policy carrier, Hingham Mutual Insurance Company. The judgment was later compromised by Hingham Mutual in the amount of $290,000. See attached Exhibit E. Macomber executed a release on 4/8/03, releasing Gould and Hingham Mutual. See attached Exhibit E. A satisfaction of judgment was filed. See attached Exhibit F.

Hingham Mutual, as subrogee of Michael Gould, then brought the instant contribution action against both Cummins and Silveira. See attached Exhibit G. In paragraph 19 of the First Amended Complaint, Hingham Mutual alleges that Cummins and Silveira acted negligently "in the course of using the boat and through other acts and omissions unrelated to their use of the boat..." See attached Exhibit G. Count I of the First Amended Complaint seeks damages "in the amount of $96,666.66, which represents Cummins' pro rata, one-third ( 1/3 ) share of the $290,000 settlement in the underlying case, plus interest, costs and attorney's fees." See attached Exhibit G.

The Homeowners Policy Michael Gould carried with Hingham Mutual defined an insured (page 1) in the Definitions section in pertinent part, as follows:

"Under Coverages L and M insured also includes:

e. persons using or caring for watercraft or animals owned by an insured and to which this insurance applies..." See attached Exhibit H.

The policy additionally provides with regard to Incidental Liability coverages:

"6.  Watercraft —

    a)  We pay for the bodily injury or the property damage which results from the maintenance use, loading or unloading of:

    b)  a watercraft which is powered by outboard motors which total 60 horsepower or less." See attached Exhibit H.

Under coverage L — Personal Liability on page 8 of the policy, Hingham Mutual is obligated to "defend a suit seeking damages if the suit resulted from bodily injury or property damage not excluded under this coverage." See attached Exhibit H.

The Hingham Mutual policy has a $500,000 policy limit. Douglas Cummins also is insured by Travelers Insurance Co., with a limit of $300,000. See attached Exhibit I. It is conceded by Hingham Mutual that both policies have other insurance clauses which are "excess clauses" and mutually repugnant. See attached letter of Attorney Paul Needham, attached as Exhibit J.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422, 456, N.E. 2d 1123, 1125 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553, 340 N.E. 2d 877, 879 (1976); Mass. R. Civ. P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that it is entitled to judgment as a matter of law.

Pederson v. Time, Inc., 404 Mass. 14, 16-17, 532 N.E. 2d 1211, 1213 (1989). On issues for which the party moving for summary judgment does not have the burden of proof at trial, the party may show the lack of a triable issue, either by submitting affirmative evidence that negates an essential element of the opponent's case, or "by demonstrating that proof of that element is unlikely to be forthcoming at trial." Flesner v. Technical Communications Corp., 410 Mass. 805, 809, 575 N.E. 2d 1107, 1110 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716, 575 N.E. 2d 734, 740 (1991).

The moving party's burden may be satisfied by showing that there is an absence of evidence to support the non-moving party's case. Kourouvacilis, supra, 410 Mass. at 711, 575 N.E. 2d at 738 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.E.2d 265 (1986). "A complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial." Kourouvacilis, supra, 410 Mass. At 711, 575 N.E.2d at 738 (citing Celotex Corp. v. Catrett, 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d 265 (1986). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra, 404 Mass. At 17, 532 N.E.2d at 1213.

The Appeals Court has recommended that parties move for summary judgment in any appropriate case:

> We remain continually puzzled why this defendant and others still do not take the extra step and attempt to push what appear to be marginal causes of action over the summary judgment cliff.

Wrightson v. Spaulding, 20 Mass. App. 70, 478 N.E. 2d, 141, 144 n. 2, review denied 395 Mass. 1103, 481 N.E. 2d 198 (1985).

III. ARGUMENT

A. There is no material issue of fact or law that Hingham Mutual is obligated to defend Cummins in the instant action

Under well-settled Massachusetts law, "irrespective of the weakness of the underlying complaint, an insurer must undertake to defend its insured 'if the allegations are 'reasonably susceptible' of an interpretation that they state or adumbrate a claim covered by the policy terms.'" Garnet Construction Company, Inc. v. Acadia Insurance Company, 2004 WL 1888912 (Mass. App. Ct. – Aug. 26, 2004), quoting from Sterilite Corporation v. Continental Casualty Co., 17 Mass. App. Ct. 316 ( 1983 ). As stated in Sterilite, the allegations of the complaint are matched up with the policy provisions. Sterilite Corporation v. Continental Casualty Co., 17 Mass. App. Ct. 316, 318 ( 1983 ). "Otherwise stated, the process is one of envisaging what kinds of losses may be proved as lying within the range of the allegations of the complaint, and then seeing whether any such loss fits the expectation of protective insurance reasonably generated by the terms of the policy. Id.

In paragraph 19 of the First Amended Complaint, Hingham Mutual alleges that Cummins and Silveira acted negligently "in the course of using the boat and through other acts and omissions unrelated to their use of the boat..." The Hingham Mutual policy with Michael Gould defines an insured as a "person using or caring for watercraft or animals owned by an insured and to which this insurance applies..." Hingham Mutual's policy additionally requires it to pay for bodily injury arising out of the use or maintenance of the Gould boat. Additionally, on page 8 of the policy, Hingham Mutual is obligated to "defend a suit seeking damages if the suit resulted from bodily injury or property damage not excluded under this coverage." No exclusions are applicable to the alleged loss.

Clearly, there can be no question that the allegations in the complaint against Douglas Cummins are "reasonably susceptible" of an interpretation that they state covered by the terms of the Hingham Mutual policy. Accordingly, Hingham Mutual can advance no reasonable argument that it is not obligated to defend Douglas Cummins in the instant case.

Douglas Cummins is also insured under a Homeowners Policy with Travelers Indemnity Company. The Travelers other insurance clause is in all pertinent respects identical to the other insurance clause in the Hingham Mutual policy. It is conceded by Hingham Mutual that both clauses are so-called "excess clauses" and are mutually repugnant. In such a circumstance, it is settled Massachusetts law that the insurers must "contribute equally until the policy with the lower limit is exhausted." Mission Insurance Co.

v. United States Fire Insurance Co., 401 Mass. 492, 500 ( 1988 ). Therefore, under the circumstances of this case, Travelers and Hingham Mutual are required to share equally the defense costs associated with the defense of Douglas Cummins in the Hingham Mutual Insurance Company contribution claim.

      B. <u>There is no material issue of fact or law that Hingham Mutual is obligated to indemnify Cummins in the instant action.</u>

As has been set forth above, at the time of the alleged accident, Douglas Cummins was operating the Gould boat. He had been given permission to use the boat by Michael Gould that morning. Permission to use the boat was never withdrawn by Michael Gould at anytime. Accordingly, it is clear that Douglas Cummins was operating the boat with the consent of its owner, Michael Gould, at the time of the alleged accident. As the Macomber accident arose out of the use of the Gould boat by Douglas Cummins ( with the express permission of Gould ), Douglas Cummins is an insured person under the terms of the Gould policy with Hingham Mutual. Therefore, Hingham Mutual must indemnify Cummins in the instant action.

Inasmuch as Douglas Cummins is also insured under a Homeowners Policy with Travelers Indemnity Company, the "other insurance clauses" of the policies must be consulted to determine the indemnity obligations of the two carriers. The Travelers other insurance clause is in all pertinent respects identical to the other insurance clause in the Hingham Mutual policy. It is conceded by Hingham Mutual that both clauses are so-called "excess clauses" and are mutually repugnant. In such a circumstance, it is settled Massachusetts law that the insurers must "contribute equally until the policy with the lower limit is exhausted." Mission Insurance Co. v. United States Fire Insurance Co., 401 Mass. 492, 500 ( 1988 ). Therefore, under the circumstances of this case, Travelers and Hingham Mutual are required to share equally the indemnity costs in the Hingham Mutual Insurance Company contribution claim up to the limit of the lower policy. In this case as both policies have limits in excess of the contribution claim, both insurers must share equally the indemnity costs on this matter.

Any contention by Hingham Mutual that Cummins was not operating the boat with the permission of Gould at the time of the accident is laughable. The record in this case is clear that the permission granted by Gould was without restriction and never revoked at

any time. Hingham Mutual's own counsel admitted in Court during his closing argument in the underlying Macomber action that there was no question that Cummins had permission to use the boat. Macomber Trial Transcript, page 289. Trial Transcript, page 289, attached hereto as Exhibit M. Hingham Mutual, in response to Cummins' demand for coverage made the startling argument that "Douglas Cummins no longer had the owner's consent when he made unauthorized repairs to the towing system and put the injured passenger in a position of peril." Letter of Attorney Paul Needham dated August 26, 2003, attached as Exhibit K, See also letter of Attorney Paul Needham, dated February 24, 2004, attached hereto as Exhibit L. In effect, by this letter, Hingham Mutual was advancing the argument that it could unilaterally withdraw coverage by contending, *ex post facto*, that consent can be constructively withdrawn if an insured commits a negligent act. In reality, this is precisely the type of conduct that the Gould insurance policy was designed to cover - bodily injury arising out of the use or maintenance of the boat.

IV.    CONCLUSION

For the reasons set forth above, the defendant in counter-claim, Hingham Mutual should be ordered to defend and indemnify the defendant/plaintiff in counterclaim, Douglas Cummins in the instant action on an equal basis with Travelers Insurance Company. Furthermore, Hingham Mutual should be ordered to pay one-half of all defense costs incurred by Douglas Cummins to date.

By his attorney,

*/s/ D. Michael Arter*

D. Michael Arter
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA 02104
(617) 772-2800
B.B.O. 022410

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on 9/1/04

*/s/ D. Michael Arter*
D. Michael Arter