UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 03-CV-12391-WGY

HINGHAM MUTUAL FIRE INSURANCE COMPANY a/s/o
MICHAEL GOULD,
Plaintiff

VS

DOUGLAS CUMMINS and
EDWARD SILVEIRA,
Defendants

## DEFENDANT, DOUGLAS CUMMINS' STATEMENT OF FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

### STATEMENT OF MATERIAL FACTS

1. This action arises out of an accident that occurred on a boat owned by Michael Gould on the pond adjoining 14 Pine Grove Circle in Mashpee, Ma. Deposition of Michael Gould, page 5-6, 12, 17 attached hereto as Exhibit A.

2. On the date of the accident, August 4, 2001, a wedding between Michael Gould and Lisa Silveira, and a reception immediately thereafter, took place on the beach at the aforementioned residence. Deposition of Michael Gould, page 5, attached hereto as Exhibit A.

3. Gould was the owner of a 17 foot Fish & Ski motorboat. Deposition of Michael Gould, page 5-6, attached hereto as Exhibit A.

4. He had owned the boat for approximately five years. Deposition of Michael Gould, page 6, attached hereto as Exhibit A.

5. On the day of the wedding, Gould allowed co-defendant, Ed Silveira, and the insured/defendant, Douglas Cummins, to use the boat and tube. Deposition of Douglas Cummins, page 12-15, 98-102, attached hereto as Exhibit B; Testimony of

Edward J. Silveira, Trial Transcript, page 80, attached hereto as Exhibit M.

6. Both Cummins and Silveira drove the boat. Deposition of Douglas Cummins, page 21, attached hereto as Exhibit B. Gould at no time told Cummins that he had withdrawn his permission for Cummins to use the boat. Deposition of Douglas Cummins, page 98-99, attached hereto as Exhibit B.

7. Gould never communicated any withdrawal of his initial permission that Cummins and Silveira be allowed to use the boat. Deposition of Douglas Cummins, page 98-102, attached hereto as Exhibit B.

8. While Ed Silveira was tubing, Melissa Macomber was sitting at the stern of the boat spotting. Deposition of Douglas Cummins, page 47-54, attached hereto as Exhibit B.

9. The tube was attached to the stern of the boat through a tow bar apparatus. Deposition of Douglas Cummins, page 47-54, attached hereto as Exhibit B.

10. At some point while towing Silveira, the center post of the tow bar apparatus came out of its hole and violently struck Macomber under her jaw, causing personal injury. Deposition of Douglas Cummins, page 47-54, attached hereto as Exhibit B.

11. Cummins was operating the boat at the time of the alleged accident. Deposition of Douglas Cummins, page 102-103, attached hereto as Exhibit B.

12. Macomber subsequently brought suit against Gould for negligent maintenance of the tow bar apparatus. See attached Exhibit C.

13. In December of 2002, a Barnstable County jury found Gould negligent, and awarded damages in the amount of $300,000, plus interest, for a total judgment of $342,805.85. See attached Exhibit D.

14. The lawsuit by Macomber against Gould was defended without reservation by Gould's homeowner's policy carrier, Hingham Mutual Insurance Company. Deposition of Hingham Mutual Insurance Company pursuant to Rule 30(b)(6), page 62, attached hereto as Exhibit N.

15. The judgment was later compromised by Hingham Mutual in the amount of $290,000. See attached Exhibit E. Macomber executed a release on 4/8/03, releasing Gould and Hingham Mutual. See attached Exhibit E.

16. A satisfaction of judgment was filed. See attached Exhibit F.

17. Hingham Mutual, as subrogee of Michael Gould, then brought the instant contribution action against both Cummins and Silveira. See attached Exhibit G.

18. In paragraph 19 of the First Amended Complaint, Hingham Mutual alleges that Cummins and Silveira acted negligently "in the course of using the boat and through other acts and omissions unrelated to their use of the boat…" See attached Exhibit G.

19. Count I of the First Amended Complaint seeks damages "in the amount of $96,666.66, which represents Cummins' pro rata, one-third ( 1/3 ) share of the $290,000 settlement in the underlying case, plus interest, costs and attorney's fees." See attached Exhibit G.

20. The Homeowners Policy Michael Gould carried with Hingham Mutual defined an insured (page 1) in the Definitions section in pertinent part, as follows:

    "Under Coverages L and M insured also includes:

    e. persons using or caring for watercraft or animals owned by an insured and to which this insurance applies..." See attached Exhibit H.

21. The policy additionally provides with regard to Incidental Liability coverages:

    "6. Watercraft –
    a) We pay for the bodily injury or the property damage which results from the maintenance use, loading or unloading of:
    b) a watercraft which is powered by outboard motors which total 60 horsepower or less." See attached Exhibit H.

22. Under coverage L – Personal Liability on page 8 of the policy, Hingham Mutual is obligated to "defend a suit seeking damages if the suit resulted from bodily injury or property damage not excluded under this coverage." See attached Exhibit H.

23. The Hingham Mutual policy has a $500,000 policy limit. Douglas Cummins also is insured by Travelers Insurance Co., with a limit of $300,000. See attached Exhibit I.

24. It is conceded by Hingham Mutual that both policies have other insurance clauses which are "excess clauses" and mutually repugnant. See attached letter of Attorney Paul Needham, attached as Exhibit J.

                              By his attorney,

                              */s/ D. Michael Arter*

                              D. Michael Arter
                              Law Offices of Thomas M. Niarchos
                              100 Summer Street, Suite 201
                              Boston, MA 02104
                              (617) 772-2800
                              B.B.O. 022410

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on 9/1/04

*/s/ D. Michael Arter*
D. Michael Arter